[No. 28986. Department One. March 5, 1943.]

THE STATE OF WASHINGTON *on the Relation of Iver Floe, Jr., Plaintiff,* v. C. A. STUDEBAKER, *as Judge of the Superior Court for Lewis County, Respondent.*[1]

*Gus L. Thacker* and *Thos. L. O'Leary,* for relator.

*Grant Armstrong* and *C. D. Cunningham,* for respondent.

[1]Reported in 134 P. (2d) 718.

JEFFERS, J.—This is an original application in this court by petitioner, Iver Floe, Jr., doing business under the firm name and style of Floe's Garage, for an alternative writ of prohibition, ordering and directing respondent, the Honorable C. A. Studebaker, as judge of the superior court for Lewis county, Washington, to desist from proceeding in the hearing or trial of any matter in cause No. 16966 in the superior court for Lewis county, entitled "Iver Floe, Jr., doing business under the firm name and style of Floe's Garage, Plaintiff, v. Lena Green and John Doe Green, her husband, Defendants," and cause No. 16972, entitled "Warren Green, a minor, by Oliver F. Green, his guardian *ad litem,* Plaintiff, v. Iver Floe, Jr., and Jane Doe Floe, his wife, and Roy White and Jane Doe White, his wife, Defendants," which causes have, by stipulation and agreement of counsel, been consolidated for trial. The application for the writ is supported by the affidavit of Gus L. Thacker, one of the attorneys for petitioner.

Upon the filing in this court of the application and affidavit, the chief justice, on January 12, 1943, issued an order directing respondent to desist and refrain from further proceedings in either of the above mentioned cases, and to show cause before this court, on Friday, January 22, 1943, why he should not be absolutely restrained from any further proceedings in such actions.

Respondent has filed an amended answer and return to the above order.

The matter was heard January 22, 1943, and will be considered on the application of petitioner and the affidavit of his attorney, and upon the amended answer and return of respondent and the reply.

Respondent in his answer first calls attention to the fact that Lewis county has but one superior court judge. He then states that both of the above named cases were on file and ready for trial and on the jury docket in the

month of October, 1941, "as will be noted by the affidavit of Marie Kure, chief deputy clerk of said superior court, and the affidavit of this respondent."

The affidavit of Marie Kure is to the effect that she has examined the minutes of the proceedings had with reference to the setting of jury cases for the November-December, 1941, jury term, and that the record discloses that the two cases above mentioned were on the jury trial docket for setting for the jury term; that she has examined the minutes and records to ascertain if the court's attention was called to the fact that any affidavit of prejudice was on file, or that there was a desire that an outside judge be called in to hear either of the cases, and that she found no minute entry of any such act; that this was especially true as concerns the dates of October 14, 1941, October 20, 1941, and November 10, 1941, being the days on which jury cases were set for that term; that the records show the affidavit of prejudice in cause No. 16966 was not placed on file until December 4, 1941; that in cause No. 16972 the record discloses that the affidavit of prejudice was on file at the time of the setting of jury cases, but the record does not show that this was called to the attention of the court.

The affidavit of respondent judge is to the effect that, on September 25, 1941, pursuant to a custom of that court, respondent prepared and caused to be mailed to each member of the bar of Lewis county a notice that a jury term would be called for November and December, 1941, and at that time fixed Monday, October 13, 1941, as the day for setting civil and criminal jury cases; that thereafter the matter of finally setting the docket was continued to October 20th.

It appears from the affidavit of Alma Watson, official court reporter, that respondent judge dictated to her the letter to the bar relative to the setting of jury cases

for October 13, 1941; that on October 16, 1941, respondent dictated another notice to the bar, establishing November 10, 1941, as the day to set the remaining jury cases. This notice, in so far as material, states: "On November 10th, also, the court will reset the jury docket. Only the following jury cases have been set." Then follows a list of the cases set which do not include the cases herein mentioned.

The affidavit of Miss Watson further states that she mailed to Gus L. Thacker, at Chehalis, Washington, a copy of the notice of setting for October 13th, as well as the notice of setting for November 10th.

We now desire to again refer to the affidavit of respondent judge, from which it appears that neither Mr. Thacker nor any other attorney representing either the plaintiffs or defendants in either of the two cases appeared before respondent for the setting of the cases for November or December, 1941, or in response to the order fixing October 13th and October 20th as the days for setting jury cases; that the attention of respondent was not called to the fact that affidavits of prejudice had been filed in the cases at any time before the above setting dates, or for some months thereafter; that on October 20, 1941, the case of Floe v. Green, cause No. 16966, was on the docket for setting, but respondent at that time found that attorneys for plaintiff had not filed their complaint, and the cause was stricken; that the case of Green v. Floe, cause No. 16972, was not set on October 20th; that affiant (respondent) felt that, while the case of Floe v. Green could not be set because plaintiff's attorneys had paid no appearance fee, the case of Green v. Floe was properly before the court, and on October 24, 1941, respondent reset the docket, setting the latter case for trial; that the summons and complaint in Floe v. Green was not filed until December 4, 1941, which was nearly two months after respondent

had called the case for setting for trial, in accordance with chapter 148, Laws of 1941; that the affidavit of prejudice in Green v. Floe was not filed until October 28, 1941, which was fifteen days after respondent had fixed the day for setting jury cases; that, on December 2, 1941, after the clerk had informed respondent that an affidavit of prejudice had been filed in the case of Green v. Floe, but had not informed respondent that an affidavit of prejudice had been filed in the case of Floe v. Green, respondent wrote a letter to the clerk and mailed a copy to all the attorneys in these cases, stating the reasons why he felt that the affidavit of prejudice in Green v. Floe could not be recognized; that the only time Mr. Thacker ever attempted to remind respondent that affidavits of prejudice were on file was on December 14, 1942, at which time, when respondent was setting jury cases for January and February, 1943, Mr. Thacker appeared and stated that affidavits of prejudice were on file.

It appears from the original affidavit of Mr. Thacker in support of the application, and from the reply of petitioner, that the affidavits of prejudice were properly served and filed in the causes before a notice of any argument or hearing of any kind was had before or in the presence of respondent; that, without notice to any of the attorneys, respondent has set the consolidated case before him for January 19, 1943, and threatens to proceed with the trial; that no notice of setting for trial has ever been served by the attorneys for either party in either of the cases here involved; that, from the best examination of the record which affiant can make, these cases were placed upon the trial calendar by the clerk of the court without any authority so to do.

It will be noticed that it does not appear in any of the affidavits filed by respondent that either of the cases was noticed for trial by any of the attorneys for the

parties, and it appears from the reply of petitioner that no such notice was ever served or filed.

■ Rem. Rev. Stat., § 319 [P. C. § 8480], provides, in part, as follows:

"At any time after the issues of fact are completed in any case by the service of complaint and answer or reply when necessary, as provided in title three, either party may cause the issues of fact to be brought on for trial, by serving upon the opposite party a notice of trial at least three days before any day provided by rules of court for setting causes for trial, which notice shall give the title of the cause as in the pleadings, and notify the opposite party that the issues in such action will be brought on for trial at the time set by the court; and the party giving such notice of trial shall, at least three days before the day of setting such causes for trial file with the clerk of the court a note of issue containing the title of the action, the names of the attorneys and the date when the last pleading was served; and the clerk shall thereupon enter the cause upon the trial docket according to the date of the issue.    .    .    ."  .

We are of the opinion that neither the clerk of the court nor the court has authority to place a case upon the trial docket, or order a case to be so placed, until a notice of trial has been served and filed as provided by the above section. It appears that no such notice of trial was ever served or filed by any of the attorneys in either of the cases here involved, and it must follow that these cases never have been, and are not now, properly on the trial docket.

In view of what we have stated, the writ must issue in any event, but a further question is raised which should be answered.

■■ It is respondent's contention that the affidavits of prejudice are not effective because respondent has been called upon to make a ruling or rulings in these cases, which involved discretion.

Laws of 1941, chapter 148, p. 417, § 2, provides:

"Any party to or any attorney appearing in any action or proceeding in a Superior Court, may establish such prejudice by motion, supported by affidavit that the Judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such Judge: *Provided,* That such motion and affidavit is filed and called to the attention of the Judge before he shall have made any ruling whatsoever in the case, either on the motion of the party making the affidavit, or on the motion of any other party to the action, of the hearing of which the party making the affidavit has been given notice, and before the Judge presiding has made any order or ruling involving discretion, but the arrangement of the calendar, the setting of an action, motion or proceeding down for hearing or trial, the arraignment of the accused in a criminal action or the fixing of bail, shall not be construed as a ruling or order involving discretion within the meaning of this proviso; and in any event, in counties where there is but one resident Judge, such motion and affidavit shall be filed not later than the day on which the case is called to be set for trial: *And provided further,* That notwithstanding the filing of such motion and affidavit, if the parties shall, by stipulation in writing agree, such Judge may hear argument and rule upon any preliminary motions, demurrers, or other matter thereafter presented: *And provided further,* That no party or attorney shall be permitted to make more than one such application in any action or proceeding under this act." Rem. Supp. 1941, § 209-2.

Apparently the first ruling relied upon by respondent arose when, on December 6, 1941, Mr. Thomas L. O'Leary wrote the clerk of the court, enclosing a proposed order continuing the case of Green v. Floe, cause No. 16972, over the term, and requesting that the clerk submit the order to Judge Studebaker for his signature. In this letter, Mr. O'Leary stated that he was

enclosing, for filing, a stipulation for the consolidation of the two cases here involved. This stipulation, dated December 1, 1941, signed by Weter, Roberts & Shefelman, attorneys for Warren Green, and Lena Green and Oliver F. Green, husband and wife, and Thomas L. O'Leary and Gus L. Thacker, attorneys for Iver Floe, Jr. and wife, and Roy White and wife, provides:

"It is hereby stipulated by the undersigned attorneys of record for all of the parties to the two above captioned actions [causes Nos. 16972 and 16966] now pending in the above entitled court that said actions may be consolidated for purposes of trial upon the pleadings and issues as now framed in said actions, and an order of consolidation so providing may be entered in said actions."

A stipulation dated December 3, 1941, filed December 4, 1941, in the case of Green v. Floe, No. 16972, signed by the attorneys for the parties, states that the attorneys have stipulated that the above entitled cause now set for trial on December 10, 1941, may be continued for trial to the next jury term, when it will be consolidated with cause No. 16966.

On December 8, 1941, the clerk of the court wrote Mr. O'Leary:

"This morning Judge C. A. Studebaker signed the order continuing the action over the present jury term, and it was filed in the above named case."

The order entered by respondent on December 8, 1941, provides:

"This matter coming on to be heard on the stipulation of the above named parties that said action be continued over the present jury term and that the trial date heretofore fixed for December 10, 1941, be canceled, it is hereby

"ORDERED that the above action be continued over the present jury term and that the trial date of December 10, 1941, be, and the same hereby is, canceled."

The order further provides that the court reserves its decision on the application for consolidation.

Apparently the cases stood in the condition above outlined until June 15, 1942, at which time the following order was entered by respondent:

"This matter having come on regularly for hearing this day in open court upon the stipulation for consolidation of the two above captioned actions [causes Nos. 16972 and 16966] for purposes of trial signed by the attorneys of record for all of the parties to said actions; and good cause appearing for consolidating said actions, and the court being fully advised,

"Now, THEREFORE, it is hereby ORDERED that the two above captioned actions now pending in the above entitled court be and they are hereby consolidated for purposes of trial upon the pleadings and issues as now framed in said actions."

After this order was signed, apparently nothing further was done until January 14, 1943, at which time the cases were again placed on the trial docket, without any notice for trial having been served or filed by any of the attorneys, and respondent, over the protest of Mr. Thacker, proceeded to set the consolidated case for trial on January 19, 1943.

We fully appreciate the situation of a trial judge in a county having but one judge, and we are fully in accord with the rule that requires an affidavit of prejudice to be timely filed. We also appreciate the purpose of the rule which prevents litigants, seeking to invoke rulings of the court, from thereafter, because of being dissatisfied with the court's ruling, filing an affidavit of prejudice. However, in this case we think the affidavits were timely filed. It is true they were not filed before cause No. 16972 was placed on the trial docket, or before the date fixed by the court for setting cases for November and December, 1941, but, as we have stated, there was no authority to place these cases upon the

trial docket at that time, so that portion of chapter 148, *supra,* which provides that, in counties where there is but one judge, such motion and affidavit shall be filed not later than the day on which the case is called to be set for trial, is not applicable.

Neither do we think it can be said that the court was called upon by any of the attorneys connected with this case to make any ruling involving discretion, as contemplated by the statute. We do not believe it can be said that the court is required to exercise discretion when asked to make an order involving preliminary matters such as continuing a case, or for consolidation, where all the parties have stipulated that such order be made.

The writ will issue, permanently restraining respondent from further proceeding in these cases.

SIMPSON, C. J., MILLARD, STEINERT, and ROBINSON, JJ., concur.