[No. 56078-1. En Banc. January 24, 1991.]

HARBOR ENTERPRISES, INC., ET AL, *Respondents*, v. GUNNAR GUDJONSSON, ET AL, *Appellants*.

*David S. Teske, Karl Eric Dickman,* and *David S. Teske & Associates,* for appellants.

*Philip A. Talmadge* (of *Talmadge Friedman & Cutler*) and *Margaret Doyle Fitzpatrick* and *Julie M. Johnson* (of *Mikkelborg, Broz, Wells & Fryer*), for respondents.

BRACHTENBACH, J.—This case arises from the operation of a crab fishing vessel. The owner of the vessel, Dale R. Lindsey, a plaintiff, and defendant husband, Gunnar Gudjonsson, as master, entered into an oral agreement for the vessel's operation. A fuel supplier, Harbor Enterprises, Inc., was another plaintiff. Plaintiffs sued for various debts claimed due from defendants who counterclaimed. The merits involve contract and admiralty law. A consolidated case concerns a contempt citation against one defense counsel; it will be considered after resolution of the main case.

The case was tried to the court. After a pretrial hearing defendants filed an affidavit of prejudice, asserting (1) their

right to an automatic disqualification and (2) disqualification for actual prejudice. In fairness we note that the claim of actual prejudice was not directed at the judge per se, but arose because plaintiffs alleged in their trial brief inadmissible and prejudicial facts about defendant husband's character. The trial court correctly and accurately ruled that such material would not and did not prejudice it in fact. No appeal is taken from that ruling.

The dispositive issue is whether the affidavit of prejudice was timely filed pursuant to a statutory right to disqualify a judge without a showing of actual prejudice. If the affidavit was timely, the subsequent trial was of no legal effect. A second issue arises from plaintiffs' claim that the affidavit was not timely under a local court rule. In fact, the rule cited by plaintiffs is not the local rule in effect; even if it were it would be in conflict with the statute and therefore not controlling. We hold: (1) the affidavit was filed timely, and (2) the local court rule cited by plaintiffs is not the rule in effect. Therefore, we reverse.

Under our statutes, RCW 4.12.040 and .050, a litigant has the right to disqualify a trial judge, without establishing actual prejudice, if the statutory requirements of RCW 4.12.050 are met. The statute speaks of prejudice, but in reality the litigant who exercises this right seeks a change of judge despite the absence of prejudice.

■ The history of our prior holdings and amendments to the statute is traced in *Marine Power & Equip. Co. v. Department of Transp.*, 102 Wn.2d 457, 463, 687 P.2d 202 (1984). The effect of a timely affidavit is clear from the statute and our application thereof. *State v. Cockrell*, 102 Wn.2d 561, 565, 689 P.2d 32 (1984) aptly summarizes the rule:

> Once a party timely complies with the terms of these statutes, prejudice is deemed established "and the judge to whom it is directed is divested of authority to proceed further into the merits of the action." *State v. Dixon*, 74 Wn.2d 700, 702, 446 P.2d 329 (1968). Under the plain wording of the rule, the judge loses all jurisdiction over the case.

*Cockrell*, at 565.

A timeliness requirement qualifies the statutory right. RCW 4.12.050 provides in relevant part:

> . . . *Provided,* That such motion and affidavit is filed and called to the attention of the judge . . . before the judge presiding has made any order or ruling involving discretion . . ..

The parties focus entirely upon whether the judge had made any discretionary ruling before the motion and affidavit were filed.

Before examining the record to determine whether discretionary rulings were made, fairness to the able and experienced trial judge dictates a description of the muddled state of this lawsuit when it confronted the judge at pretrial hearing.[1]

A pretrial hearing immediately preceded trial. A second amended complaint had been filed 10 days before the pretrial hearing. Defendants' amended answer was filed 2 days before pretrial. Trial briefs by both parties, 121 pages, were inexcusably late, plaintiffs' was filed at pretrial, defendants' at start of the trial. Discovery was not complete despite an earlier discovery order and sanctions. The trial court expressed dismay at the lack of preparation and ill will exhibited between counsel. Six lawyers were present at pretrial, but not defendants' lead attorney. One lawyer who argued the content and intent of a pleading had not read the document. One attorney at pretrial was unable to answer the court's inquiries because an essential file had not been brought to court.

This disconcerting hindrance to orderly disposition on the merits continues on appeal. The trial court made 54 findings of fact and 15 conclusions of law. Yet, defendants in their assignments of error make no specific reference to any finding or conclusion by number. RAP 10.3(g). Only by searching the text and the appendix can one ascertain the basis of the appeal. As to one major conclusion of law,

---

[1] We note that defendants changed attorneys very late in the proceedings. Apparently new counsel inherited an ill–prepared case with a rapidly approaching trial date. Attorney Talmadge who argued on appeal was not involved in the trial proceedings.

defendants reference one specific conclusion in the statement of issue and argue another in the text. They attempt to correct this by an untimely statement of "errata."

Defendants, challenging the findings of fact, assert that the findings are entitled to weight, but the ultimate determination of facts rests with the appellate court. An absolutely erroneous statement; counsel should read *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959) and its hundreds of progeny. Plaintiffs' brief is equally deficient. They argue, in nine pages of asserted facts, that there is substantial evidence to support the findings but cite not a single reference to the record. This is a remarkable violation of RAP 10.3(a)(4).

To return to the pretrial setting, plaintiffs' untimely trial brief stated, apparently for the first time, three motions to be heard at pretrial: (1) motion for judgment of dismissal of certain counterclaims, (2) motion to strike amended answer, and (3) motion for summary judgment on certain additional counterclaims. The trial court's consideration of these three motions is the heart of determining whether it had made any discretionary ruling before the affidavit was filed.

At the outset of the pretrial hearing, the court noted that it continued to receive voluminous briefs and documents right up to that moment and that defendants complain bitterly about lack of notice, including even lack of service of one motion.

The trial court spent a great portion of the prehearing trying to sort out the exact status of the multiple claims of both sides. The following quotations from the record demonstrate the lack of any discretionary ruling:

THE COURT: . . .
Frankly, on the third motion, which is really a motion for summary judgment, it seems to me that the only thing I can do is reserve judgment on it, in view of the complaints about notice and so on. But there's another reason. It isn't just the notice requirements. I'm going to defer that because with this amount of paper and the time I've had to devote to it, I

really don't feel comfortable in making a ruling about it at this time anyway. . . .

Pretrial motions (Feb. 6, 1989), at 5.

THE COURT: Maybe I better defer that, too, because it sounds like really a request for declaratory judgment or a request for summary judgment.

Pretrial motions (Feb. 6, 1989), at 8.

THE COURT: . . .
Eventually I may decide, indeed, that this is something that not only could have been but should have been and must have been brought right here and now otherwise you're foreclosed, but I'm not going to do that today.

. . . .
THE COURT: You haven't been harmed by my deferring it, so that's over.

Pretrial motions (Feb. 6, 1989), at 9.

THE COURT: I don't know if that's right or not. Certainly I want more briefing than that . . ..
THE COURT: None of this is indexed. You've complained bitterly about how each of you did not have notice about what the other was doing.
This stuff has been coming out of word processing machines just as fast as it can. I've tried to go through it. I'm not satisfied to just do the best I can with what I've got to work with today. I have little confidence in the way it's come to me and the way it's been argued.
I'd rather stop, see where we are tomorrow morning, and see whether or not I should grant or deny this motion. . . .
I don't know at this point whether you claim it's a jury or non jury case. You're dealing with, traditionally, admiralty matters, I think, 100 percent here.

Pretrial motions (Feb. 6, 1989), at 40–41.

THE COURT: . . .
In any event, I want to know the answer to a more basic question, as to whether or not the question about shares, wage claims, so to speak, whether all that's properly before the Superior Court, because if it is, it's going to stay here; if it isn't, it's not. I haven't ruled on that yet.

Pretrial motions (Feb. 6, 1989), at 44.

From the record quoted, the trial court made no rulings on plaintiffs' three motions. Any doubt is removed by the trial court's statement on the first day of trial, after declining to allow the change of judge that: "The Court still has not ruled at least on the main three motions yesterday

morning." Pretrial motions (Feb. 7, 1989), at 34. The trial court thereafter heard further argument and then ruled. Pretrial motions (Feb. 7, 1989), at 34–54.

The issue of discretionary rulings, however, is complicated by another colloquy at the pretrial. Near the end of the hearing the following occurred:

> THE COURT: Is it a jury or non jury case?
> MS. FITZPATRICK [plaintiffs' attorney]: . . . these attorneys filed a jury demand. . . .
> THE COURT: You mean after it was set?
> MS. FITZPATRICK: . . . I totally disregarded it. . . .
>
> . . . .
> THE COURT: You see, when we set cases, we have to know what they are in setting them. It was set as a non jury case. I don't know where it is, but there's some local rule that prevents someone deciding down the line, "Oh, I want a jury."
> MR. DICKMAN [defendants' attorney]: The only thing I would ask is that you reserve your decision until Mr. Teske is here. He may agree with you. I honestly don't know. I would hate to prejudice my clients' rights without looking at that decision.
> THE COURT: That wasn't before me. I'll defer that. I'll leave that for now. I've only got the one issue left. That's all I'll really let you argue here this afternoon. . . .

Pretrial motions (Feb. 6, 1989), at 42–43.

The trial court at the pretrial accurately noted that the jury trial question was not before it. The case was set nonjury and assigned accordingly. No party raised the question. Defendants argued that they demanded a jury, but after the case was set. No demand is in the record. Yet it was this issue, jury or nonjury, which the trial court on the next day, after the affidavit was filed, used to deny the affidavit and proceed with trial. The trial court stated that it had indicated in its opinion that the jury demand was untimely and that it put over a final ruling as a matter of courtesy to the absent lead counsel.

■ Unfortunately, the trial court had no transcript of the pretrial proceedings of the prior day which would have disclosed clearly the court's statement that the jury/nonjury issue was not before it and that it would wait to hear from lead counsel because defense counsel present did not

know the status of a matter raised by the court sua sponte. The very most the trial court did was point out the obvious that the rules require a timely jury demand. Thus there was no discretionary ruling. A party should not be able to ascertain how a court is going to rule and then procure time to file an affidavit by requesting a delay in the ruling. That did not happen here.

The plaintiffs, on four grounds, oppose defendants' claim that the affidavit of prejudice should have been granted. First, they assert that the trial court, in fact, had made rulings or indicated how it was going to rule. They make no citation to the record, perhaps because the record does not support their unqualified statements.

■ Second, plaintiffs argue that defendants, by proceeding with the trial, are now barred by the doctrines of waiver, laches and unreasonable delay from pursuing their statutory right. They cite three cases. None is on point. The first case, *State ex rel. Mauerman v. Superior Court,* 44 Wn.2d 828, 832, 271 P.2d 435 (1954) supports allowing the affidavit of prejudice here. In *Mauerman* the judge had heard a divorce action. Nine months later a petition for modification of custody came before the same judge. The wife filed an affidavit alleging the trial court harbored actual prejudice against her attorney. That was denied as untimely because it came after trial on the merits, 9 months earlier. The wife then filed an affidavit for change as a matter of right. It was denied. The Supreme Court issued a writ of mandamus holding that the modification was a new proceeding and that the party was entitled to a change of judge. As to timeliness the court said: "There can be no successful claim of laches, unreasonable delay, or untimely action, upon this sequence of events." *State ex rel. Mauerman,* at 832.

The second case cited by plaintiffs is *Williams & Mauseth Ins. Brokers, Inc. v. Chapple,* 11 Wn. App. 623, 524 P.2d 431 (1974). It concerns an entirely different problem where potential actual prejudice was disclosed during trial, a party thereafter continued to present evidence, and

did not raise prejudice until 5 weeks after the judge rendered his oral decision. That is waiver but that is not this case. The third case cited, *Brauhn v. Brauhn*, 10 Wn. App. 592, 597, 518 P.2d 1089 (1974) is not relevant. Bias, in fact, not statutory disqualification, was raised for the first time on appeal, but based on a comment made in the court's oral opinion. That was waiver but that is not this case.

We reject plaintiffs' contention that proceeding with the trial waives the timely exercise of the statutory right to a change of judge. This substantial and valuable right was granted by the Legislature in 1911. RCW 4.12.050. The cases uniformly have held that there is no discretion in granting a timely motion. Timely exercised, the statutory right deprives that particular judge of jurisdiction. *Marine Power & Equip. Co. v. Department of Transp.*, 102 Wn.2d 457, 463, 687 P.2d 202 (1984). Participating in a completed trial does not negate a timely exercise. *State v. Cockrell*, 102 Wn.2d 561, 565, 689 P.2d 32 (1984).

We have considered only a very narrow exception to rigid enforcement of the statutory right, that is where extraordinary circumstances would lead us to conclude that a literal application of statute would result in an absurd result. *Marine Power & Equip. Co. v. Department of Transp.*, *supra* at 461, 465. We have never found such circumstances. Perhaps a party should seek discretionary review when a change of judge is denied. That is beyond our control. Perhaps the Legislature should consider procedural changes to avoid the waste of judicial resources as occurred here. That is the decision of the Legislature. Perhaps this court should exercise its constitutional power to fashion a court rule to facilitate better the orderly administration of justice, but we decline to do so on a case–by–case basis.

■ Third, plaintiffs contend that this court has "indicated" recently that exercise of the right to a change of judge "cannot be employed for improper purposes or motivation." Brief of Respondents, at 31. They cite *In re Estate of Shaughnessy*, 104 Wn.2d 89, 702 P.2d 132 (1985) and

*State v. Hansen,* 107 Wn.2d 331, 728 P.2d 593 (1986). Neither supports the principle asserted by plaintiffs. *Shaughnessy* decided whether a particular hearing in a probate was a proceeding under the statute. "Purposes and motivation" of the movant are not mentioned. *State v. Hansen, supra,* is equally far removed from being authority for plaintiffs' claim, the principle of which is never mentioned therein. It only held that there was a waiver of the right when the court agreed to reassign the case, but the movant stated his desire to continue with the judge against whom the affidavit was directed.

Fourth, plaintiffs contend that the affidavit was not timely under a King County local rule. Plaintiffs cite the following as King County Local Rule 40(f):

> *Change of Judge*: An affidavit for change of judge and motion for transfer of action shall be presented to the judge against whom the affidavit is made for a ruling on the motion *immediately after the assignment*. . . .

Brief of Respondents app. at 2. That rule requires filing of the affidavit after assignment to a particular judge. The rule cited by plaintiffs is not the local rule in effect. Defendants have not questioned the rule quoted by plaintiffs, but when a local rule is at issue, counsel should ascertain what rule is in effect. CR 83(b) and GR 7(a) state that local rules become effective *only* after they are filed with the state Administrator for the Courts in the manner required by GR 7. We have so held. *State v. Chavez,* 111 Wn.2d 548, 554, 761 P.2d 607 (1988); *Whitney v. Buckner,* 107 Wn.2d 861, 734 P.2d 485 (1987). King County Superior Court recognizes the filing requirement. King County Local Rule 83.

The King County Local Rule, 40(f), which is on file reads as follows:

> *Change of Judge; Affidavit of Prejudice.* An affidavit of prejudice and motion for transfer of action shall be presented to the judge against whom the affidavit is made for a ruling on the motion. If the motion is granted, the motion and affidavit shall be filed with the clerk in the Presiding Department so that the case may be reassigned.

This rule does not support plaintiffs' position.

 We note that even if the local rule were as plaintiffs claim, the local rule would not control because its provision conflicts with the statute. We have held that local rules must not be inconsistent with rules adopted by this court. *State v. Chavez, supra* at 554. The same principle negates a local rule which conflicts with a statute. The statute grants a valuable right to a litigant; a local rule cannot restrict the exercise of that right by imposing a time requirement different from the statute.

Therefore, we conclude that it was error to not grant a change of judge. The matter is remanded for retrial.

On this record and the difficulties caused thereby, neither party shall recover costs on appeal.

The consolidated matter is a contempt citation against one of defendants' counsel. The contempt order arose from supplementary proceedings in plaintiffs' efforts to collect the unsuperseded judgment. Because the trial court was without jurisdiction, as above discussed, the judgment was void. Therefore, the contempt order is dissolved.

DORE, C.J., UTTER, DOLLIVER, ANDERSEN, DURHAM, SMITH, and GUY, JJ., and CALLOW, J. Pro Tem., concur.

Reconsideration denied March 6, 1991.