[No. 58615-2.    Department One.    February 6, 1992.]

*In the Matter of the Marriage of* JAIMIE H. LEMON, *Respondent, and* WILBUR LEMON, *Petitioner.*

*Craig S. Adams* and *Gelman & Associates,* for petitioner.

*Barbara Jo Sylvester, Elizabeth A. Pauli,* and *McGavick, Graves, Beale & McNerthney,* for respondent.

PER CURIAM. — This matter concerns refusal of a trial court to recognize an affidavit of prejudice which was timely filed; it met completely the requirements of RCW 4.12.050. The affidavit was not timely according to former Pierce County Local Rule 12 which requires filing of the affidavit "as soon as the presenting party has knowledge that the case has been assigned to that judge."

The requirement of the local rule conflicts with RCW 4.12.050 and our cases. Nonetheless, Division Two of the Court of Appeals affirmed. *In re Marriage of Lemon*, 59 Wn. App. 568, 799 P.2d 748 (1990).

This court granted a petition for review and remanded for further consideration in light of *Harbor Enters., Inc. v. Gudjonsson*, 116 Wn.2d 283, 803 P.2d 798 (1991). In an unpublished opinion, noted at 61 Wn. App. 1055 (1991) (Alexander, C.J., dissenting), Division Two adhered to its published opinion, stating that *Harbor Enters.* did not change its view. We reverse.

■ Quite apart from the decision in *Harbor Enters.*, the Court of Appeals was in error. The right to a change of judge which accrues when the applicant meets the statutory criteria is amply clear from the holdings in *Marine Power & Equip. Co. v. Department of Transp.*, 102 Wn.2d 457, 461-65, 687 P.2d 202 (1984). The effect of a timely affidavit, *i.e.*, timely under the statute, is beyond question from the holding in *State v. Cockrell*, 102 Wn.2d 561, 565, 689 P.2d 32 (1984). Here there is no claim of an extraordinary circumstance, a possible exception mentioned in *Marine Power*, at 465.

In its published opinion, the Court of Appeals stated that this court has acknowledged "that a local rule reasonably defining timeliness of such affidavits would be valid." *In re Marriage of Lemon*, at 572. It cites *State ex rel. Beeler v. Smith*, 76 Wash. 460, 136 P. 678 (1913). That case is no longer valid authority because the then statute had no timeliness requirement. No case since has held that a local rule may restrict the time criteria of RCW 4.12.050.

The Court of Appeals also cites *Seattle v. Marshall*, 54 Wn. App. 829, 776 P.2d 174 (1989) as validating a local rule. That case, again, is not in point. It concerned a municipal court rule to which RCW 4.12.050 is not applicable, and the local rule was based on CrRLJ 8.9(b).

The plain and clear statement in *Harbor Enters.* is repeated:

The statute grants a valuable right to a litigant; a local rule cannot restrict the exercise of that right by imposing a time requirement different from the statute.

*Harbor Enters.*, at 293.

The published and unpublished decisions of the Court of Appeals are reversed; the matter is remanded for further proceedings consistent herewith and consistent with prior rulings on other issues.

Reconsideration denied March 17, 1992.