[No. 30888-2-I.    Division One.    September 21, 1992.]

PATRICIA ANN HANNO, *Respondent,* v. NEPTUNE ORIENT LINES, LTD., *Petitioner.*

*Vincent Larson, Scott E. Schrum,* and *Riddell, Williams, Bullitt & Walkinshaw,* for petitioner.

*Mary Alice Theiler* and *Theiler, Douglas, Theiler & McKee,* for respondent.

PER CURIAM. — Respondent Patricia Hanno, a longshore worker, filed suit against petitioner Neptune Orient Lines, Ltd., for injuries allegedly sustained while working on a Neptune vessel. The trial judge denied petitioner's motion for a new judge. Neptune filed a motion for discretionary review. A commissioner of this court granted the motion on the ground that the trial judge committed obvious error, RAP 2.3(b)(1). The commissioner also stayed the trial court proceedings pending this appeal. The matter was referred to

this panel for accelerated review pursuant to RAP 18.12. We reverse and remand.

On January 23, 1992, this case was assigned to Judge Heavey. The trial date was set for July 27, 1992. On January 30 Judge Heavey entered a standard form order on pretrial procedures. On February 5, the judge entered another order on pretrial procedures. In this version, he filled in the blanks for the dates for mediation, the plaintiff's settlement demand, and the pretrial conference. On June 2, Judge Heavey again amended his pretrial order, moving the pretrial conference date from June 11 to June 9. Neptune contends that all these orders were entered by the court on its own initiative, without prior notice. Hanno does not dispute this.

On June 5, 1992, Neptune filed a motion for summary judgment and also moved for transfer to another department, with an affidavit of prejudice. The trial court denied the motion, stating it had made discretionary decisions by requiring the parties to participate in pretrial conferences and enter into mediation.

Neptune argues that Judge Heavey did not make discretionary rulings within the meaning of RCW 4.12.050 so as to preclude an affidavit of prejudice. This argument has merit.

RCW 4.12.040 grants to a party the right to a change of judge if the requirements of RCW 4.12.050 are met. *Marine Power & Equip. Co. v. Department of Transp.*, 102 Wn.2d 457, 459, 687 P.2d 202 (1984). RCW 4.12.050 provides, in pertinent part:

> Any party . . . may establish such prejudice by motion . . . PROVIDED, That such motion and affidavit is filed and called to the attention of the judge before he shall have made any ruling whatsoever in the case, either on the motion of the party making the affidavit, or on the motion of any other party to the action, of the hearing of which the party making the affidavit has been given notice, and before the judge presiding has made any order or ruling involving discretion, but the arrangement of the calendar, the setting of an action, motion or proceeding down for hearing or trial, the arraignment of the accused in a criminal action or the fixing of bail,

shall not be construed as a ruling or order involving discretion within the meaning of this proviso . . .[.]

Thus, a party has a right to one change of judge if he or she files an affidavit of prejudice before the court rules on any motion or issue which requires the exercise of discretion. *Rhinehart v. Seattle Times Co.*, 51 Wn. App. 561, 578, 754 P.2d 1243, *review denied*, 111 Wn.2d 1025 (1988), *cert. denied*, 490 U.S. 1015 (1989). The purpose of the statute "was to remove discretion from the trial court when presented with a motion for change of judge." *Marine Power*, at 465.

■ We conclude that the pretrial orders here did not constitute discretionary decisions within the meaning of RCW 4.12.050; rather they involved arranging the calendar and/or setting matters for hearing, functions expressly excluded from application of the statute.[1] Therefore, the trial court erred in denying the motion for a change of judge.

We reverse and remand for further proceedings consistent with this opinion.

---

[1] Hanno argues the affidavit was not timely because it was filed long after the parties were first informed that Judge Heavey was assigned to the case. She cites *In re Marriage of Lemon*, 59 Wn. App. 568, 799 P.2d 748 (1990), which was ultimately reversed by the Supreme Court in *In re Marriage of Lemon*, 118 Wn.2d 422, 823 P.2d 1100 (1992); she also relies on King County Local Rule 40(f). The Supreme Court has invalidated the local rule relied on by the Court of Appeals' decision in *Lemon* and the local rule here relied on. *In re Marriage of Lemon*, 118 Wn.2d at 423; *Harbor Enters., Inc. v. Gudjonsson*, 116 Wn.2d 283, 803 P.2d 798 (1991). The court ruled that timeliness of the affidavit is controlled by the express requirements of the statute. Local rules may not create additional timeliness requirements. *Harbor Enters.*, at 423. Hanno's arguments in support of the judge's ruling are therefore without merit.