[No. 29855-1-I.   Division One.   April 12, 1993.]

*In the Matter of the Marriage of* JACK GORDON HENNEMANN, *Respondent, and* CLAUDETTE ROLFES HENNEMANN, *Appellant.*

*Philip A. Dunlap,* for appellant.

*Heather Houston* and *Reed McClure,* for respondent.

PER CURIAM. — Claudette Hennemann appeals from a dissolution decree dissolving her marriage to Jack Hennemann. We grant her motion on the merits to reverse, but deny her request for attorney's fees and costs on appeal.

Prior to the trial proceedings in this matter, Claudette filed a motion for a change of judge and an affidavit of prejudice against the judge assigned to the case. The judge declined to recuse himself on the ground that he had already made discretionary rulings in the case. Claudette did not seek discretionary review of the order denying her motion for a change of judge.

After trial, Claudette filed this appeal from the court's order denying her motion for a change of judge and the court's subsequent findings of fact, conclusions of law, and decree of dissolution. Claudette subsequently filed a motion on the merits to reverse, and Jack filed a "Motion for Consideration of Issue of Concession" in which he conceded that the trial judge erred in denying the motion for a change of judge under this court's recent decision in *Hanno v. Neptune Orient Lines, Ltd.*, 67 Wn. App. 681, 838 P.2d 1144 (1992). Jack then filed a response to Claudette's motion on the merits to reverse and a cross motion on the merits to affirm. In his cross motion, Jack again conceded that the trial court's decision on the motion for change of judge was erroneous under *Hanno*, but argued that a new trial is necessary only on those aspects of the trial challenged in Claudette's assignments of error. His motion on the merits requests affirmance of all unchallenged findings, conclusions, and orders of the trial court.

## DECISION

Both parties contend the trial court's denial of Claudette's motion for a change of judge was error under *Hanno*. The parties are correct.

A party has a right to one change of judge if he or she files an affidavit of prejudice before the court rules on any motion or issue which requires the exercise of discretion. *Hanno*, at 683. In *Hanno*, the trial judge denied a motion for a change of judge on the ground that he had made discretionary rulings prior to the filing of the affidavit of prejudice. The rulings included a standard order on pretrial procedures and another order on pretrial procedures in which the judge merely filled in blanks for the dates for mediation, the plain-

tiff's settlement demand, and the pretrial conference. *Hanno,* at 682. This court held that the pretrial orders did not "constitute discretionary decisions within the meaning of RCW 4.12.050" and that the judge had erred in denying the motion for a change of judge. *Hanno,* at 683.

The instant case is indistinguishable from *Hanno.* The record indicates the trial judge's only ruling prior to the filing of the affidavit of prejudice was the entry of a form order on pretrial procedures. The only provisions of the form order specifically pertaining to the parties in this case were the dates regarding the trial date, deadlines for submission of various documents, and the dates for settlement and pretrial conferences. Under *Hanno,* the order on pretrial procedures entered in this case was not a discretionary decision. Therefore, the trial court erred in denying the motion for a change of judge, and Claudette is entitled to a new trial. *Harbor Enters., Inc. v. Gudjonsson,* 116 Wn.2d 283, 803 P.2d 798 (1991). Claudette's motion on the merits to reverse is "clearly with merit". RAP 18.14(e)(2).[1]

Jack argues in his cross motion on the merits to affirm, however, that the trial court's error renders the subsequent proceedings voidable, not void, and therefore a new trial is required only as to those aspects of the proceedings properly challenged in Claudette's brief. Even assuming the trial court's orders, etc., entered after the denial of the motion for a change of judge are merely voidable, Claudette has sufficiently challenged all of the relevant orders, etc., to be entitled to a new trial on all issues. Claudette's opening brief assigns error to the denial of the motion for a change of judge and expressly requests that this court "set aside all of the trial court's orders entered . . . after the filing of . . . the

---

[1] Under RAP 18.14(b), a motion on the merits to reverse may be submitted "any time after the respondent's brief has been filed." Because Jack has not yet filed a respondent's brief, the motion on the merits is not properly before the court under RAP 18.14(b). Nevertheless, since both parties request resolution of the motion on the merits to reverse without requiring the filing of respondent's brief, and since a respondent's brief would be useless in light of Jack's concession of error, we will waive the requirement of a respondent's brief and resolve the motion on the merits to reverse.

motion" and "remand . . . for retrial." Brief of Appellant, at 43. She also assigns error to various other rulings and findings, but those assignments of error are clearly advanced only *in the alternative* and in the event that this court denies her request for a new trial. Contrary to Jack's assertions, Claudette has challenged everything that occurred after the court erroneously denied her motion for a change of judge. Accordingly, the cross motion on the merits to affirm is denied.

The final issue is whether Claudette should be awarded attorney's fees and costs on appeal. In her opening brief, Claudette requested fees and expenses under RAP 18.1 and RCW 26.09.140. She has submitted an affidavit of financial need pursuant to RAP 18.1(c).

We decline to award Claudette attorney's fees and costs.[2] To do so would countenance her failure to seek discretionary review of the order on the motion for a change of judge prior to trial. Had she sought discretionary review, a second trial and the attendant expense and waste of judicial resources might have been avoided.[3] Instead, she decided to gamble on the outcome of trial before raising the issue. That decision will not be rewarded.

Reversed and remanded for a new trial.[4]

---

[2]RAP 14.2 states that a commissioner or clerk of this court will award costs to the party that substantially prevails on review unless the court directs otherwise in its decision terminating review.

[3]The Supreme Court recognized this general problem in *Harbor Enters., Inc. v. Gudjonsson*, 116 Wn.2d at 291, but did not create a more strict standard of review for appellants who fail to seek discretionary review. It is interesting to note, however, that the Supreme Court has encouraged interlocutory review of venue decisions, and has held that failure to seek discretionary review of a venue decision prior to trial waives any objection to venue absent a showing of prejudice. *Lincoln v. Transamerica Inv. Corp.*, 89 Wn.2d 571, 573 P.2d 1316 (1978).

[4]Claudette's motion for sanctions "for failure to file respondent's brief" is stricken as requested in her memorandum filed March 10, 1993.