[No. 59909-2.   En Banc.   October 21, 1993.]

THE STATE OF WASHINGTON, *Petitioner*, v. FREDERICK
PARRA, *Respondent*.

*David S. McEachran, Prosecuting Attorney,* and *David M. Grant, Deputy,* for petitioner.

*Frederick Parra,* pro se, and *Helen A. Anderson* and *Constance Marie Krontz* of *Washington Appellate Defender Association,* for respondent.

MADSEN, J. — We granted review of an unpublished Court of Appeals decision reversing defendant Frederick Parra's conviction for third degree rape of a child. We reverse and hold that the trial court correctly denied the affidavit of prejudice in this case since it was filed after the judge had exercised his discretion within the meaning of RCW 4.12-.050.

## FACTS

On April 29, 1991, Parra was charged with having sexual intercourse with a 14-year-old girl. On May 16, 1991, the parties appeared before Superior Court Judge Byron Swedberg and presented an "Omnibus Application and Order". The document was a 5-page, preprinted form which listed 23 potential defense motions and 20 potential state motions. These options were presented in a check-off box format. The parties noted "yes" or "no" next to each motion listed, indicating whether the motion was being pursued. The form was then presented to the court. Neither the State nor Parra objected to any of the other parties' motions. After reviewing

the omnibus order, Judge Swedberg said: "Very well. Your respective motions will be granted." A similar notation was made on the order. Report of Proceedings, at 3.

After Judge Swedberg had signed the omnibus order, Parra requested release on his own personal recognizance. At the time, Parra was serving his sentence on a prior conviction and was already scheduled for release on June 24, 1991. The State was not prepared to argue the motion and Judge Swedberg scheduled a hearing for Parra's request for May 23, 1991. The court then set Parra's trial for June 20, 1991, in Department One; Judge Swedberg sits in Department Two. On May 21, 1991, Judge Charles Snyder signed the written order designating the trial date.

On May 23, 1991, Judge Swedberg denied Parra's motion for release. The following discourse ensued:

> THE COURT: In trying to make some sense out of the criminal record that was handed up, I tried to find what the chronology was. The first page has two arrests in 1986, three in 1988, it continues on to the second page with three more in 1988, one in 1990 and I don't know what it says beyond that. Seven in a year is more than bimonthly.
>
> The bail that's set is $5,000, . . . which seems to me to be a reasonable amount particularly in view of the circumstance that Mr. Parra is finishing whatever sentence he has. When is he scheduled to be released?
>
> THE DEFENDANT: On June 24th.
>
> THE COURT: This trial will occur before you're released anyway, Mr. Parra. The motion for release will be denied.

Report of Proceedings (Feb. 19, 1993), at 6.

On June 19, 1991, the State moved to continue the trial date. At that hearing Judge Moynihan granted the motion to continue the trial date and released Parra on his own recognizance under certain conditions.

On June 26, 1991, Judge Snyder set Parra's trial for July 22, 1991. The order did not specify which judge would hear the trial. Parra signed a speedy trial waiver on July 16, 1991, which extended his trial date to October 1, 1991.

About 45 minutes before trial on the morning of October 1, 1991, Parra learned that Judge Swedberg would preside at

his trial. Parra immediately filed a written affidavit of prejudice. Parra alleged that Judge Swedberg was prejudiced because he had previously denied Parra's motion for release. Judge Swedberg recalled the denial, which he deemed a discretionary decision:

> I also indicated that I had denied a release for personal recognizance which I viewed as being an exercise of discretion and an affidavit of prejudice thereafter not being timely. . . . [I] was less interested at this point as to timeliness and more interested in the impact on the trial calendar . . ..

Report of Proceedings (Feb. 3, 1992), at 2.

The judge denied the affidavit of prejudice as untimely due to the prior discretionary ruling in denying Parra's motion for release and stated further:

> THE COURT: I don't remember either the case or Mr. Parra. And my purpose in making those comments is simply to indicate that I recognize that Mr. Parra has a right to file an affidavit of prejudice . . . I really don't remember him and don't feel any personal animosity nor do I have any negative feelings toward him so I'm not going to recuse myself as a discretionary matter.

Report of Proceedings (Feb. 3, 1992), at 8. A jury convicted Parra on October 3, 1991, as charged, and the court sentenced him to 5 years in prison. The Court of Appeals reversed and remanded holding that Parra's affidavit of prejudice should have been honored because no disqualifying prior discretionary ruling was made. The Court of Appeals ruled that the denial of personal recognizance release was nondiscretionary and akin to the fixing of bail. The court also held that, although the trial judge had granted motions made in the case at an earlier omnibus hearing, the motions were in the nature of stipulations and therefore the judge did not exercise his discretion within the meaning of RCW 4.12.050.

This court accepted review to determine whether there is a time limit on filing affidavits of prejudice and whether or not Judge Swedberg exercised discretion within the meaning of RCW 4.12.050 when he ruled on the motions raised in this form omnibus application and order.

The State does not dispute whether the denial of Parra's release motion constituted a discretionary act under RCW 4.12.050. That issue, therefore, is not before us.

## ANALYSIS

The State argues that the defendant's affidavit of prejudice was untimely because it was filed only 45 minutes before trial. In addition, the State argues that the omnibus application and order is inherently discretionary and that it precluded any subsequent affidavits of prejudice. Parra asserts that under RCW 4.12.040 and RCW 4.12.050, an affidavit is timely so long as it is filed before a discretionary ruling is made, regardless of the proximity to the trial date. Parra also contends that by signing an omnibus application and order, a judge does not exercise discretion such as to preclude a subsequent affidavit of prejudice.

We hold that an affidavit of prejudice is timely so long as it is filed before a discretionary ruling, regardless of the proximity to the time of trial. We reverse, however, because we find that the trial court's rulings on the omnibus order in this case did constitute a discretionary act. While neither party objected to the granting of the other's motions, we do not agree with the Court of Appeals that the parties were presenting a stipulated order for the judge's signature. Rather, by bringing their respective issues before the judge in the form of motions, the parties were submitting those matters to the court for resolution.

## TIMELINESS: PROXIMITY TO TRIAL

RCW 4.12.040 sets forth a mandatory nondiscretionary rule granting parties the right to a change of judge upon the timely filing of an affidavit of prejudice. RCW 4.12.050 provides that an affidavit is timely so long as it is "filed and called to the attention of the judge before he shall have made any ruling whatsoever in the case, . . . and before the judge presiding has made any order or ruling involving discretion . . .".

The State argues that Parra's affidavit was not timely because it was filed so near the time of trial. The State cites *State v. Hansen*, 42 Wn. App. 755, 714 P.2d 309, *aff'd*, 107 Wn.2d 331, 728 P.2d 593 (1986), for this proposition. The State's reliance on *Hansen* is misplaced.

In *Hansen*, the defendant filed an affidavit of prejudice minutes before jury selection was scheduled to begin. Defense counsel admitted that its sole purpose in filing an affidavit was to obtain a continuance in order to gain "ample opportunity to prepare briefs" and to "drop back and have an omnibus" hearing which had been missed. *Hansen*, 107 Wn.2d at 333. The trial judge offered to change places with another judge to accommodate the defendant's affidavit, but the defendant refused. The judge then denied the affidavit.

The Court of Appeals held that RCW 4.12.050 is a mandatory nondiscretionary statute that must be honored "unless [it] would lead to an absurd result." *Hansen*, 42 Wn. App. at 758 (citing *Marine Power & Equip. Co. v. Department of Transp.*, 102 Wn.2d 457, 465, 687 P.2d 202 (1984)). The Court of Appeals agreed, however, with the trial court and denied the defendant's affidavit as untimely because using an affidavit of prejudice to obtain a continuance would result in a "flagrant abuse of legislative intent." *Hansen*, 42 Wn. App. at 760.

This court accepted review of *Hansen* and chose not to reach the "abuse of legislative intent" issue. This court emphasized the fact that Washington courts had long stressed the mandatory, nondiscretionary nature of affidavits of prejudice. *Hansen*, 107 Wn.2d at 333. It noted that "absent a showing of extraordinary circumstances" a party meeting the requirements of RCW 4.12.050 is entitled to a change of judge. *Hansen*, 107 Wn.2d at 333 (citing *Marine Power*, at 465). The court specifically declined to address the question of whether the results of the case were extraordinary enough to justify departure from the statute. Instead, the court held that the "petitioner waived his right to a change of judge

when he rejected Judge Buckley's offer to trade places with Judge Kristianson." *Hansen*, 107 Wn.2d at 334.

*Hansen* is distinguishable from the instant case on several points. First, in *Hansen*, the defendant had good reason to know more than 3 weeks before trial which judge in a 2-judge, 3-county judicial district would preside. Second, in *Hansen*, the court made efforts to accommodate the defendant by offering to exchange judges. Third, the defendant in *Hansen* admitted that his use of affidavit was strategic. Finally, the defendant in *Hansen* refused the offer to exchange judges.

In this case, all three judges in the Whatcom County Superior Court had presided over Parra's case at different times. Parra insisted that he did not know who the presiding judge would be until the morning of the trial. Furthermore, there is no allegation in this case that Parra was attempting to manipulate the system or circumvent established procedures. As Parra told Judge Swedberg on November 8, 1991, "I wasn't aware you [were] going to be the trial judge until the day we came in and started trial . . . [o]therwise I would have filed an affidavit prior to that day." Report of Proceedings (Feb. 3, 1992), at 5.

Moreover, the State does not cite any extraordinary circumstances which would justify departing from the requirements of the statute in order to avoid an "absurd" result. *Marine Power*, at 465.

The Court of Appeals' decision holding Parra's affidavit timely does not conflict with either this court's or the Court of Appeals' opinion in *State v. Hansen, supra*. Furthermore, this court has held twice that it will not impose additional timeliness requirements. *In re Marriage of Lemon*, 118 Wn.2d 422, 423, 823 P.2d 1100, 1100-01 (1992) (holding that a local court rule which conflicted with the time criteria of RCW 4.12.050 was invalid and that there is no authority that allows a local rule to restrict the time criteria of RCW 4.12.050); *Harbor Enters., Inc. v. Gudjonsson*, 116 Wn.2d 283, 293, 803 P.2d 798, 804 (1991) (holding that a local rule cannot restrict the valid

exercise of RCW 4.12.050). That defendant Parra filed his affidavit within 45 minutes of trial in no way indicates that his motion was untimely. The Court of Appeals' reasoning is correct on this point.

### TIMELINESS: EXERCISE OF DISCRETION

The State next argues that Judge Swedberg's ruling on the motions raised in the omnibus application and order was discretionary, precluding the later filing of an affidavit of prejudice. Parra contends that the omnibus order, which he describes as a "preliminary procedural ruling", was not discretionary. Brief of Appellant, at 7. Both parties cite *Rhinehart v. Seattle Times Co.*, 51 Wn. App. 561, 754 P.2d 1243, *review denied*, 111 Wn.2d 1025 (1988), *cert. denied*, 490 U.S. 1015, 104 L. Ed. 2d 174, 109 S. Ct. 1736 (1989) in support of their respective positions.

In *Rhinehart*, the trial court had signed two orders; one order set a date certain for complying with an earlier discovery order and the second order permitted substitution of counsel. In its analysis the Court of Appeals defined discretion as follows:

> The exercise of discretion is not involved where a certain action or result follows as matter of right upon a mere request; rather, the court's discretion is invoked only where, in the exercise of that discretion, the court may either grant or deny a party's request.

*Rhinehart*, at 578 (citing *State ex rel. Mead v. Superior Court*, 108 Wash. 636, 640, 185 P. 628 (1919)). Applying this definition to the facts, the Court of Appeals in that case held that the two orders required an exercise of discretion.

Parra contends that the motions granted by the court in this omnibus order related to discovery matters to which each side was entitled as a matter of right under CrR 4.7. Therefore, applying the definition from *Rhinehart*, he asserts that the parties did not invoke the court's discretion. Contrary to the defendant's position, the State argues that the requested disclosures in this case were for materials or information covered by the discretionary provisions of the rule.

█ CrR 4.7(a) mandates that the State disclose certain materials to the defense. Likewise, CrR 4.7(b)(1) outlines those materials which the defense is required to disclose. Any matters not covered under those mandatory provisions of the rule fall within the discretion of the court. CrR 4.7(b)(2) lists matters which the court *may* require the defendant to disclose. CrR 4.7(e)(1) provides that the court, in its discretion, *may* require the State to disclose matters to the defense which are not otherwise provided for by the rule.

Among the motions granted in this case by Judge Swedberg were the following defense requests:

16. To disclose whether it [the State] will rely on prior acts or convictions of a similar nature for proof of knowledge or intent.

. . . .

19. To disclose what physical evidence, if any, has been or will be sent to any agency for testing, and, if so, supply:
    (a) Name and address of the agency which will be performing the tests;
    (b) Nature of tests to be performed; and
    (c) What date the physical evidence will be returned from the testing agency.

Omnibus Application and Order; Supplemental Clerk's Papers, at 17-18.

These defense requests are not specifically covered in the mandatory provisions of CrR 4.7. Rather, these motions covered matters which the court might, in its discretion, require the State to disclose under CrR 4.7(e)(1), "Discretionary Disclosures".

The court also granted the following state motions:

15. For discovery of the names and addresses of defendant's witnesses and their statements and *dates of birth*.

. . . .

19. Defendant to state whether his prior convictions will be stipulated or need to be proved, and if *defendant was represented by an attorney*.
20. Defendant to state whether he will stipulate to the continuous chain of custody of evidence from acquisition to trial.

(Italics ours.) Omnibus Application and Order; Supplemental Clerk's Papers, at 19-20.

As with the defense motions listed above, these requests for disclosure made by the State are not within the mandatory provisions of the discovery rule. Rather, they fall under CrR 4.7(b)(2), the discretionary provision of the rule pertaining to defendant's obligations. Since both the defense and prosecution requests noted above fell within the discretionary provisions of CrR 4.7, we find that neither party was entitled to the requested materials as a matter of right.

Parra next argues that regardless of whether the parties had a right to the discovery materials requested in the omnibus application, neither the defense nor the State objected to the other's motions; therefore, the judge's discretion was not invoked. The defendant contends that the omnibus order was akin to a stipulation because neither party objected to entry of the order. *State ex rel. Floe v. Studebaker*, 17 Wn.2d 8, 16-17, 134 P.2d 718 (1943). In *Floe*, the litigants signed a stipulated order consolidating two court actions for the purpose of trial. *Floe*, at 16. The *Floe* court held that for purposes of an affidavit of prejudice such orders did not invoke the court's discretion:

> Neither do we think it can be said that the court was called upon by any of the attorneys connected with this case to make any ruling involving discretion, as contemplated by the statute. We do not believe it can be said that the court is required to exercise discretion when asked to make an order involving preliminary matters such as continuing a case, or for consolidation, *where all the parties have stipulated that such order be made.*

(Italics ours.) *Floe*, at 17. The distinction drawn in *Floe* relating to stipulations makes sense. When first enacted in 1911, the affidavit of prejudice statute did not contain a timeliness requirement. In order to avoid the absurd result of parties invoking the court's discretion and then waiting to see the disposition of the judge before asserting the right, this court read a timeliness requirement into the statute in *State ex rel. Lefebvre v. Clifford*, 65 Wash. 313, 315, 118 P. 40 (1911). In *Lefebvre*, the judge made an ex parte order which the moving party perceived as prejudicial. Before the date of

trial, the party filed an affidavit of prejudice which the trial court denied. In sustaining the trial court's ruling, this court stated:

> [W]e cannot conclude that it was intended by the act that a party could submit to the jurisdiction of the court by waiving his rights to object until by some ruling of the court in a case he becomes fearful that the judge is not favorable to his view of the case. In other words, he is not allowed to speculate upon what rulings the court will make on propositions that are involved in the case and, if the rulings do not happen to be in his favor, to then for the first time raise the jurisdictional question.

*Lefebvre*, at 316. Thus, the *Lefebvre* court's timeliness requirement stated essentially that an affidavit of prejudice was timely so long as it was filed before the court made any ruling apprising the parties of the court's predisposition in the case.

As *Floe* implicitly acknowledged, many issues may be resolved between the parties and presented to the court in the form of an agreed order. These matters will generally resolve pretrial disputes regarding such issues as admissibility of evidence, discovery, identity of witnesses, and anticipated defenses. If the parties have resolved such issues among themselves and have not invoked the discretion of the court for such resolution, then the parties will not have been alerted to any possible disposition that a judge may have toward their case.

■ The distinction between the agreement reached in *Floe* and the omnibus order here is that the parties had not resolved the issues between themselves. Rather than presenting a stipulation, the parties each submitted motions to the court for its ruling. The following discourse ensued when the parties presented the order to the court:

> MR. KOMOROWSKI: Your, Honor, I have completed omnibus application on behalf of Mr. Parra, and I have no objection to any of the State's requests.
>
> . . . .
>
> MR. GRANT: . . . I have no objection to the defense's requests.
>
> THE COURT: Very well. Your respective motions will be granted.

Report of Proceedings (Oct. 27, 1992), at 3. In an exercise of his discretion, the judge ruled consistent with the positions

of the parties. That the judge elected to grant the motions in this case, rather than deny, does not indicate that the judge failed to exercise discretion. To either grant or deny a motion involves discretion.

In this same vein, the defendant also urges that the motions raised by the parties became stipulations when counsel for each side announced there would be no objection. We find no merit in Parra's analogy.

■ The following definitions highlight the differences between motions and stipulations.

> [A motion is] [a]n application made to a court or judge for purpose of obtaining a rule or order directing some act to be done in favor of the applicant. State v. James, Mo., 347 S.W.2d 211, 216. . . .
>
> [Stipulation is] [t]he name given to any agreement made by the attorneys engaged on opposite sides of a cause (especially if in writing), regulating any matter incidental to the proceedings or trial, which falls within their jurisdiction. Voluntary agreement between opposing counsel concerning disposition of some relevant point so as to obviate need for proof or to narrow range of litigable issues. Arrington v. State, Fla., 233 So.2d 634, 636. An agreement, admission or confession made in a judicial proceeding by the parties thereto or their attorneys. Bourne v. Atchison T. & S. F. Ry. Co., 209 Kan. 511, 497 P.2d 110, 114.

Black's Law Dictionary at 913, 1269 (5th ed. 1979).

Generally, a stipulation is an agreement between the parties to which there must be mutual assent. *State v. Adler*, 16 Wn. App. 459, 558 P.2d 817 (1976), *review denied*, 88 Wn.2d 1011 (1977). Furthermore, to be effective, the terms of a stipulation must be definite and certain. 73 Am. Jur. 2d *Stipulations* § 2 (1974). Stipulations are favored by courts and will be enforced unless good cause is shown to the contrary. *Smyth Worldwide Movers, Inc. v. Whitney*, 6 Wn. App. 176, 491 P.2d 1356 (1971). If the court refuses to accept a stipulation, the effect is generally to place the parties in their original positions regarding the matters affected by the stipulation. Each party is then free to seek resolution of the issue through a motion before a judge.

■ Even though in this case neither party objected to the motions of the other, the matters were still before the court

for resolution. They had not reached an agreement which would potentially bind them to their positions. While it may be true that a stipulation could have yielded the same result in this case as not objecting to opposing counsel's motions, the parties chose instead to leave the decision to the court. We conclude that a party's decision not to object does not constitute a stipulation by that party.

Finally, Mr. Parra compares the omnibus order to pretrial orders in civil cases. He argues that courts in civil cases have held that pretrial matters such as setting trial dates, deadlines for submissions of documents, settlement dates, and pretrial conference dates are not discretionary for purposes of affidavits of prejudice, citing *Hanno v. Neptune Orient Lines, Ltd.*, 67 Wn. App. 681, 838 P.2d 1144 (1992) and *In re Marriage of Hennemann*, 69 Wn. App. 345, 848 P.2d 760 (1993).

We find little similarity between the pretrial matters in those cases and the motions granted by the omnibus order in this case. In *Hanno*, the trial judge declined to accept an affidavit of prejudice on the grounds that he had made a discretionary ruling prior to the filing of the affidavit. In that case, the judge had filled in the blanks on a pretrial order form, setting dates for mediation, settlement demands, and the pretrial conference. The Court of Appeals held that these pretrial orders were not discretionary within the meaning of RCW 4.12.050. *Hanno*, at 683.

The facts in *Hennemann* were nearly identical to those in *Hanno*. The only ruling prior to the filing of the affidavit was the entry of a form order on pretrial procedures which was limited to dates for trial, settlement, and pretrial conference. Relying on *Hanno*, the Court of Appeals held that the judge's ruling did not involve discretion under the language of the statute. Unlike the setting of dates in those cases, the judge's ruling here resolved substantive discovery matters.

Mr. Parra expresses concern that if a court's ruling on preliminary matters at an omnibus hearing are held to be discretionary the defendant will be required to use its only affidavit

on the possibility that the same judge will later be assigned to preside over the trial. During argument on this case, counsel for the State indicated that a stipulated order procedure is also used in his jurisdiction. Within certain limitations, matters relating merely to the conduct of a pending proceeding, or to the designation of the issues involved, affecting only the rights or convenience of the parties, not involving any interference with the duties and functions of the court, may be the subject of a stipulation. 73 Am. Jur. 2d *Stipulations* § 4 (1974). We see no reason that a stipulated order, encompassing matters over which the parties have jurisdiction, cannot be used to overcome the defendant's concern.

### CONCLUSION

We agree with the Court of Appeals that RCW 4.12.050 and case law require only that an affidavit of prejudice be filed prior to an exercise of discretion by the judge, regardless of proximity to trial. We find, however, that the affidavit in this case was filed after the judge had made a discretionary ruling.

We find that motions made for discovery in this case pertained to matters contained within the discretionary provisions of CrR 4.7 and that the parties were not entitled to a ruling as a matter of right. Further, we find that the omnibus application and order submitted to the court did not constitute a stipulation between the parties. Rather, the motions raised by the parties through use of that form required an exercise of discretion by the judge. Finally, we conclude that by granting the parties' respective motions, the judge did, in fact, exercise discretion, regardless of the fact that the parties raised no objection to the court's so granting.

Therefore, we reverse the Court of Appeals.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.

Reconsideration denied December 22, 1993.