[Nos. 21963-1-III; 21964-0-III. Division Three. May 27, 2004.]

*In the Matter of the Marriage of* KEVIN R. TYE, *Petitioner,* and SHAREEN C. TYE, *Respondent.*

*In the Matter of the Marriage of* JOHN TRESKO, *Petitioner,* and PATRICIA TRESKO, *Respondent.*

*David J. Crouse*, for petitioners.

*Patricia Tresko*, pro se.

*C. Mark Casey* (of *Mullin, Cronin, Casey & Blair, P.S.*), for respondent Tye.

BROWN, J. — Appellants Kevin R. Tye and John H. Tresko argue the Spokane County Superior Court erred in denying their motions for change of judge. The sole issue in these consolidated cases is whether issuance of a computer-generated case scheduling order after an informal chambers conference is a prior judicial act of discretion that justifies denial of a motion for change of judge. It does not. Accordingly, we reverse.

## FACTS

The facts are uncontested. In the Tresko matter, attorney David Crouse appeared on Mr. Tresko's behalf for an informal, off-the-record, case status conference in Judge Paul A. Bastine's chambers on October 31, 2002. The pro se respondent, Patricia Tresko, did not appear. The court entered a computer-generated domestic case schedule order, specifying dates for discovery cutoff, document filing, additional conferences, and trial. The order bears the judge's electronic signature.

The court entered a like scheduling order in the Tye matter on March 27, 2003, after an informal chambers conference. Mr. Crouse appeared for Mr. Tye and Ms. Tye's counsel also attended. The conference was uncontested and off-the-record. Mr. Crouse explains:

> The purpose of this conference was to essentially determine what issues remain, how many days of trial are needed, and schedule a trial date that fits within the attorney's [sic] schedule and the Court's schedule.

> After Judge Bastine was advised of the number of days needed for trial, he asked his bailiff for a trial date. The attending attorneys were then invited to see the bailiff to receive the case scheduling order. The bailiff put the name of the case and case number into his computer, and the computer

program then predetermined the various dates on the case scheduling order. The printed order contained Judge Bastine's computer generated signature.

Appellant's Br. at 4.

On March 28, 2003, Mr. Tye and Mr. Tresko filed individual motions for change of judge and affidavits of prejudice against Judge Bastine. The court denied each motion "because prior discretion has been exercised." Clerk's Papers at 4.

Through attorney Crouse, Messrs. Tye and Tresko then successfully sought discretionary review and consolidation for appeal purposes.

## ANALYSIS

The issue is whether the trial court erred in deciding it exercised discretion in entering the October 31 and March 27 case scheduling orders, thereby justifying denial of Mr. Tye's and Mr. Tresko's change-of-judge motions.

 A party in a superior court proceeding is entitled to one change of judge upon timely filing an affidavit of prejudice. RCW 4.12.040, .050; *State v. Dennison*, 115 Wn.2d 609, 619, 801 P.2d 193 (1990). An affidavit of prejudice is timely if filed "before the judge presiding has made any order or ruling involving discretion . . . ." RCW 4.12.050; *see Dennison*, 115 Wn.2d at 619. As explained in *LaMon v. Butler*, 112 Wn.2d 193, 770 P.2d 1027, *cert. denied*, 493 U.S. 814 (1989):

"Such a motion and affidavit seasonably filed presents no question of fact or discretion. Prejudice is deemed to be established by the affidavit and the judge to whom it is directed is divested of authority to proceed further into the merits of the action."

*Id.* at 202 (quoting *State v. Dixon*, 74 Wn.2d 700, 702, 446 P.2d 329 (1968)).

 RCW 4.12.050 additionally states, "[t]he arrangement of the calendar, the setting of an action, motion or

proceeding down for hearing or trial, . . . shall not be construed as a ruling or order involving discretion. . . ." In a nearly identical case, Division One held no discretion is involved where the judge's sole entries on a form order on pretrial procedures were "dates regarding the trial date, deadlines for submission of various documents, and the dates for settlement and pretrial conferences." *In re Marriage of Hennemann*, 69 Wn. App. 345, 347, 848 P.2d 760 (1993). *Hennemann* is persuasive.

On the limited record here, including the uncontested representations of Mr. Crouse, neither the Tye nor Tresko matters show any exercise of discretion by the judge. Instead, the record shows the ministerial acts of entering uncontested case scheduling orders after informal chambers conferences.[1] The record does not show either motion for change of judge was untimely or otherwise not in compliance with RCW 4.12.050. The court therefore erred in denying the motions. Both appellants are entitled to proceed to trial with a different judge. RCW 4.12.040.[2]

While we recognize an order or ruling involving a judge's discretion could be entered on a computer-generated and/or electronically signed document, it is the substance of the court's action as discretionary or not that is critical. In sum, the court erred in entering orders denying the motions for change of judge.

Reversed.

SWEENEY, A.C.J., and SCHULTHEIS, J., concur.

---

[1] *See also Dixon*, 74 Wn.2d at 703 (no discretion involved in setting or renoting and resetting a cause or motion for hearing on the merits); *Hanno v. Neptune Orient Lines*, 67 Wn. App. 681, 682-83, 838 P.2d 1144 (1992) (no discretion involved when judge merely filled in blanks for the dates for mediation, the plaintiff's settlement demand, and the pretrial conference).

[2] *See also Harbor Enters., Inc. v. Gudjonsson*, 116 Wn.2d 283, 293, 803 P.2d 798 (1991) (local rule cannot restrict valid exercise of RCW 4.12.050).