2016 NOV 21 AM 8: 59


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SIMCHA SHOVAL, a married woman, | ) | No. 73757-1-I |
| Appellant, | )<br>)<br>) | DIVISION ONE |
| v. | )<br>) | UNPUBLISHED OPINION |
| VALET PARKING SYSTEMS, INC., a<br>Washington corporation, | )<br>)<br>) | |
| Respondent. | )<br>) | FILED: November 21, 2016 |

APPELWICK, J. — Shoval sued Valet Parking Systems after she was injured falling out of its van. The parties stipulated to continue the case, and the judge accepted the stipulation. Shoval later filed a motion for a change of judge and an affidavit of prejudice. The motion was denied, and the same judge presided over the trial. The jury found in favor of Valet. Shoval appeals. We reverse and remand.

## FACTS

Simcha Shoval is a resident of Israel. In September 2012, she and her husband visited Seattle. On September 28, 2012, the Shovals went to Temple B'Nai Torah to celebrate Yom Kippur with their friends.

The temple hired Valet Parking Systems, Inc. to run shuttles between a nearby parking lot and the temple. The Shovals utilized this service. When Valet's

van returned to the parking lot that evening, Shoval fell as she exited the vehicle. She was badly injured.

On June 6, 2013, Shoval filed a complaint against Valet alleging that Valet breached its duties by failing to warn her of the high step from the van, failing to assist her, and/or failing to drop her off in a well-lit location.

The case was initially assigned to Judge Mary Yu, but it was later transferred to Judge Samuel Chung. On January 20, 2015, Judge Chung signed the parties' stipulation and order to continue the trial date. Then, on March 12, 2015, Judge Chung denied Shoval's motion for a change of judge based on an affidavit of prejudice. Judge Chung presided over the trial.[1]

The jury returned a verdict that Valet was not negligent. The court entered judgment in favor of Valet. Shoval appeals.

## DISCUSSION

Shoval asserts that a new trial is required, because the trial court erroneously denied her affidavit of prejudice. She argues that she filed the affidavit of prejudice before the judge exercised any discretion over the case, so the affidavit was timely.

RCW 4.12.040 and 4.12.050 govern affidavits of prejudice. RCW 4.12.040 is a mandatory, nondiscretionary rule that gives parties the right to one change of

---

[1] Pretrial, in June 2015, Judge Chung ruled on a number of motions in limine. One was Valet's motion for sanctions for Shoval's failure to timely disclose the opinion of an expert witness. Judge Chung ordered $1,000 in sanctions to be imposed for this violation.

judge if they timely file an affidavit of prejudice. State v. Parra, 122 Wn.2d 590, 594, 859 P.2d 1231 (1993).

RCW 4.12.050(1) clarifies when the motion and affidavit must be filed so as to be timely. It states that a party may file a motion and affidavit,

> PROVIDED, That such motion and affidavit is filed and called to the attention of the judge before he or she shall have made any ruling whatsoever in the case, either on the motion of the party making the affidavit, or on the motion of any other party to the action, of the hearing of which the party making the affidavit has been given notice, and before the judge presiding has made any order or ruling involving discretion, but the arrangement of the calendar, the setting of an action, motion or proceeding down for hearing or trial, the arraignment of the accused in a criminal action or the fixing of bail, shall not be construed as a ruling or order involving discretion within the meaning of this proviso.

Id. Therefore, whether Shoval's affidavit was timely depends on whether Judge Chung had already made a discretionary ruling by the time Shoval filed the affidavit.

Valet argues that Judge Chung exercised discretion by accepting the parties' stipulation and order to continue the trial date. The parties filed this on January 20, 2015. It provided that the parties "agree and stipulate that good cause exists for a brief continuance because Plaintiff is still treating in Israel and attempting to resolve her injuries." And, it informed the court that Shoval resides in Israel and was having difficulties making travel arrangements. The stipulation further stated that counsel for Shoval and Valet each had trials in other matters set for the same day as the current trial date. The parties agreed that the trial should be rescheduled to one of six possible dates in May or June 2015. Based on the stipulation of the parties, Judge Chung ordered that the trial date would be

3

continued from February 23, 2015 to May 18, 2015. The order amending the case schedule, filed the following day, provided a new timeline for the case and set trial for June 29, 2015.

Generally, calendaring or scheduling matters are not considered discretionary acts for purposes of RCW 4.12.050. Instead, this statute explicitly states that neither "the arrangement of the calendar" nor "the setting of an action, motion or proceeding down for hearing or trial" should be construed as orders requiring discretion. RCW 4.12.050(1). Applying this rule, we have held that issuing computer generated case scheduling orders was not a discretionary ruling. In re Marriage of Tye, 121 Wn. App. 817, 819, 821, 90 P.3d 1145 (2004). Similarly, when the court merely fills in the blanks of a standard form order to set dates for trial, document filing, and settlement and pretrial conferences, the order is not considered a discretionary ruling. Hanno v. Neptune Orient Lines, Ltd., 67 Wn. App. 681, 682-83, 838 P.2d 1144 (1992); In re Marriage of Henneman, 69 Wn. App. 345, 347, 848 P.2d 760 (1993). By contrast, granting or denying a party's motion for a continuance is a discretionary ruling. In re Recall of Lindquist, 172 Wn.2d 120, 130, 258 P.3d 9 (2011).

However, when parties stipulate to pretrial matters rather than ask the judge to exercise discretion, the resulting order is not a discretionary act. State ex rel. Floe v. Studebaker, 17 Wn.2d 8, 17, 134 P.2d 718 (1943); Parra, 122 Wn.2d at 599-601. This rule is based on the purpose of the timeliness requirement. Parra, 122 Wn.2d at 600. The timeliness requirement serves to prevent a party from waiting to request a new judge until after the judge has already made an

4

unfavorable ruling toward that party. Id. Thus, an affidavit of prejudice is timely if filed before the court has made a ruling informing the parties of the judge's predisposition in the case. Id.

When the parties resolve an issue amongst themselves through a stipulation, though, they will not be alerted as to the judge's potential bias toward the case. Id. Even if the judge does not accept the stipulation, the parties will return to their original positions and may file a motion on the matter. Id. at 601. As a result, our supreme court has held that an order consolidating two actions and continuing the case was not discretionary, because all parties had stipulated to it. Floe, 17 Wn.2d at 15-17. But, where the parties merely did not object to each other's omnibus motions, the court's order on the motions was a discretionary act, not an acceptance of a stipulation. Parra, 122 Wn.2d at 600, 602.

Thus, the acceptance, modification, or denial of a stipulation relating to calendaring or scheduling is not a discretionary act for purposes of RCW 4.12.050. See State v. Lile, 193 Wn. App. 179, 192-93, 373 P.3d 247 (holding that the parties' agreement to continue the trial date was akin to a stipulation and therefore the judge's acceptance of the joint motion was not a discretionary act), review granted in part, 186 Wn.2d 1016, 380 P.3d 523 (2016). Here, Judge Chung accepted the parties' stipulation to continue the trial date. This acceptance was not a discretionary act within the meaning of RCW 4.12.050.[2] As a result, Shoval's

---

[2] We reject Valet's contention that Judge Chung exercised discretion by choosing one of the six dates proposed by the parties. RCW 4.12.050(1) provides that arranging the calendar and setting a case for trial are not discretionary acts. Therefore, choosing a trial date that fits the judge's schedule does not constitute a discretionary act within the meaning of this statute.

5

affidavit of prejudice was timely filed, and Judge Chung erred in failing to recuse himself.

Without this error, there would have been no occasion for Judge Chung to rule on Valet's motion for sanctions. Accordingly, we vacate the sanctions order.

We reverse and remand for proceedings consistent with this opinion.

WE CONCUR: