

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE **DEC 1 9 2019**

CHIEF JUSTICE

This opinion was
filed for record
at 8 am on Dec 19, 2019

Susan L. Carlson
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ROLFE and KIRSTINE GODFREY, husband and wife and their marital community composed thereof, | ) ) ) ) ) | |
| Respondents, | ) ) | No. 96952-3 |
| v. | ) ) | |
| STE. MICHELLE WINE ESTATES LTD., dba CHATEAU STE. MICHELLE, a Washington Corporation; and SAINT-GOBAIN CONTAINERS, INC., | ) ) ) ) ) ) ) | EN BANC |
| Petitioners, | ) ) | |
| and | ) ) | Filed ____ **DEC 1 9 2019** ____ |
| ROBERT KORNFELD, | ) ) ) | |
| Additional Respondent. | ) ) ) ) | |

GONZÁLEZ, J.—Those coming before the court have a fundamental right to

an impartial decision-maker. *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242, 100 S.

Ct. 1610, 64 L. Ed. 2d 182 (1980) (citing *Carey v. Piphus*, 435 U.S. 247, 259-62, 266-67, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978); *Mathews v. Eldridge*, 424 U.S. 319, 348-49, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), and quoting *Joint Anti-Fascist Comm. v. McGrath*, 341 U.S. 123, 172, 71 S. Ct. 624, 95 L. Ed. 817 (1951) (Frankfurter, J., concurring)). To protect this fundamental right, Washington statutes liberally allow litigants to disqualify a judge assigned to their case without establishing actual prejudice—but, usually, only before that judge has made a discretionary ruling or order in the case. Former RCW 4.12.040, .050 (2009); LAWS OF 2009, ch. 332, § 20.[1]

Under those statutes, though, a party does not lose the right to remove a judge when the judge takes certain categories of actions, including arranging the calendar. Former RCW 4.12.050. We hold that a stipulated order extending discovery deadlines that does not delay the trial or otherwise affect the court's schedule is an order arranging the calendar under former RCW 4.12.050. Accordingly, the affidavit of prejudice was timely, and the case should have been reassigned to a different judge. We affirm the Court of Appeals on different grounds and remand for further proceedings consistent with this opinion.

## FACTS

---

[1] Former RCW 4.12.040 and .050 were substantively amended in 2017. LAWS OF 2017, ch. 42. This case is governed by former RCW 4.12.040 and .050, which were in effect during the trial court proceedings in 2013 and 2014.

A wine bottle shattered in Rolfe Godfrey's hand while he was working as a bartender, injuring him. Godfrey filed a products liability lawsuit against the winery, Ste. Michelle Wine Estates Ltd., and the bottle manufacturer, Saint-Gobain Containers Inc. (collectively Ste. Michelle).

The case was assigned to Pierce County Superior Court Judge Garold E. Johnson, who set the initial case schedule, including discovery deadlines. The case was later reassigned to Judge Katherine M. Stolz, who, upon a stipulated and jointly proposed order, extended the parties' deadlines to disclose their witnesses. This case turns on the nature of that stipulated order. Two months later, and before Judge Stolz made any other rulings in the case, Godfrey filed an affidavit of prejudice and a motion for Judge Stolz's recusal under former RCW 4.12.040 and .050. Judge Stolz denied the motion, concluding that the earlier stipulated order to extend witness disclosure deadlines involved discretion and, thus, the affidavit of prejudice was not timely. Later, Judge Stolz presided over the bench trial. Ste. Michelle prevailed, and Godfrey appealed.

On appeal, Godfrey argued that the trial court erred in rejecting his affidavit of prejudice and motion for recusal as untimely because Judge Stolz's order extending witness disclosure deadlines was not an "order or ruling involving discretion" under former RCW 4.12.050. He also argued that the trial court abused its discretion by imposing certain sanctions following a discovery dispute late in

3

the pretrial phase.[2] The Court of Appeals held the trial court erred in rejecting

Godfrey's affidavit of prejudice, reasoning that "[r]ulings on pretrial stipulated

orders relating to scheduling and deadlines" are not discretionary for the purposes

of timeliness under former RCW 4.12.050. *Godfrey v. Ste. Michelle Wine Estates

Ltd.*, No. 46963-4-II, slip op. at 5 (Wash. Ct. App. July 19, 2016) (unpublished)

(*Godfrey* I). The Court of Appeals did not reach the sanctions issue.[3] *Godfrey* I,

slip op. at 2 n.1.

Ste. Michelle petitioned for review, which we stayed, pending our decision

in *State v. Lile*, 188 Wn.2d 766, 398 P.3d 1052 (2017). Later, we remanded to the

Court of Appeals for reconsideration in light of *Lile. Godfrey v. Ste. Michelle

Wine Estates, Ltd.*, 189 Wn.2d 1016 (2017). The Court of Appeals again

concluded that Godfrey's affidavit of prejudice was timely because the stipulated

order extending witness disclosure deadlines was not discretionary under *Lile.

Godfrey v. Ste. Michelle Wine Estates Ltd.*, No. 46963-4, slip op. at 2 (Wash. Ct.

App. Dec. 27, 2018) (unpublished),

http://www.courts.wa.gov/opinions/pdf/D2%2046963-4-

II%20Unpublished%20Opinion.pdf (Godfrey II). Ste. Michelle petitioned the

---

[2] Because we affirm the Court of Appeals on the timeliness of the affidavit of prejudice, we do not reach the issue of the discovery sanctions.

[3] Kornfeld appealed separately to contest his monetary sanction. The Court of Appeals vacated his monetary sanction on the grounds that it was imposed after the trial court had erroneously rejected Godfrey's affidavit of prejudice. *Godfrey* I, slip op. at 6.

4

court for review again, which we granted. *Godfrey v. Ste. Michelle Wine Estates Ltd.*, 193 Wn.2d 1013 (2019).

## ISSUE

Is an affidavit of prejudice untimely under former RCW 4.12.050 when it is submitted after entry of a stipulated order extending discovery deadlines?

## ANALYSIS

Judges may be disqualified for prejudice. Our statutes set forth a mechanism to disqualify a superior court judge without showing actual prejudice. Former RCW 4.12.050; *Lile*, 188 Wn.2d at 774-75. At the relevant time, the statute provided that a party could disqualify a judge by timely filing a motion supported by an affidavit indicating that the party believes that it cannot have a fair and impartial trial before that judge. *Lile*, 188 Wn.2d at 775. A timely affidavit of prejudice must be granted. *Harbor Enters., Inc. v. Gudjonsson*, 116 Wn.2d 283, 291, 803 P.2d 798 (1991).

To be timely, an affidavit of prejudice disqualifying the judge must be filed

> before he or she shall have made any ruling whatsoever in the case, either on the motion of the party making the affidavit, or on the motion of any other party to the action, of the hearing of which the party making the affidavit has been given notice, *and before the judge presiding has made any order or ruling involving discretion, but the arrangement of the calendar, the setting of an action, motion or proceeding down for hearing or trial, the arraignment of the accused in a criminal action or the fixing of bail, shall not be construed as a ruling or order involving discretion within the meaning of this proviso.*

5

Former RCW 4.12.050 (emphasis added). In other words, an affidavit of prejudice is timely if it is filed before the superior court judge makes any order or ruling involving discretion. But certain judicial acts are carved out in the proviso, including acts such as arranging the calendar. *Id.*; *State v. Dixon*, 74 Wn.2d 700, 703, 446 P.2d 329 (1968). Judicial acts that are carved out in the proviso are exceptions that do not affect the timeliness of an affidavit of prejudice regardless of whether they involve discretion. Former RCW 4.12.050.

The Court of Appeals held that Godfrey's affidavit of prejudice was timely because entry of the stipulated order extending the deadline for witness disclosures was not discretionary under *Lile*. In *Lile*, we held that an order granting a joint trial continuance motion was discretionary because the decision to grant or deny such a request required the judge to "'consider various factors, such as diligence, materiality, due process, a need for orderly procedure, and the possible impact of the result on trial.'" [4] *Lile*, 188 Wn.2d at 776 (internal quotation marks omitted) (quoting *In re Recall of Lindquist*, 172 Wn.2d 120, 130, 258 P.3d 9 (2011)). In *Godfrey* II, the Court of Appeals concluded that the order here was not

---

[4] The 2017 amendments to RCW 4.12.050, which became effective a few days after we issued our decision in *Lile*, added "ruling on an agreed continuance" to the list of judicial acts that do not result in the loss of the right to disqualification, "[e]ven though they may involve discretion." LAWS OF 2017, ch. 42, § 2(2).

discretionary under *Lile* because it did not impact the functions or duties of the court the way that an order extending a trial date did. *Godfrey* II, slip op. at 2.

We affirm the Court of Appeals on different grounds. We conclude that rulings on pretrial stipulated orders relating to scheduling and deadlines fall within the exception for "the arrangement of the calendar." Therefore, the entry of the stipulated order did not render Godfrey's affidavit of prejudice untimely.

This is consistent with our analysis of the calendaring exception in *Dixon*, where we held that multiple orders by a trial judge setting and renoting motion hearing dates were "calendaring action[s]" within the statutory exception. 74 Wn.2d at 703. There, a defendant filed motions to dismiss and to suppress certain evidence, and the State moved to renote the defense motions to an earlier hearing date. *Id.* at 700-01. The judge heard arguments on the scheduling matter and entered an order resetting the defense motions to a new hearing date. *Id.* at 701. We held that the exception for arranging the calendar "clearly embraces" the judge's orders setting, renoting, and resetting the pretrial motions. *Id.* at 703.

It is also consistent with Court of Appeals opinions recognizing that orders setting and changing pretrial deadlines are within the statutory exceptions. In *In re Marriage of Tye*, the court held that "the ministerial acts of entering uncontested case scheduling orders" were acts arranging the calendar. 121 Wn. App. 817, 821, 90 P.3d 1145 (2004). Similarly, in *Hanno v. Neptune Orient Lines, Ltd.*, the court

concluded that setting and amending a pretrial order with dates for mediation,

settlement demand, and pretrial conference fell within the exception for arranging

the calendar and/or setting matters for hearing. 67 Wn. App. 681, 683, 838 P.2d

1144 (1992). More recently, the court held that issuing an amended case

scheduling order upon remand of a case that had been on appeal was a calendaring

matter. *In re Adoption of A.W.A.*, No. 50598-3-II, slip op. at 4-5 (Wash. Ct. App.

July 3, 2018) (unpublished),

http://www.courts.wa.gov/opinions/pdf/D2%2050598-3-

II%20Unpublished%20Opinion.pdf. We agree that generating an uncontested case

scheduling order and making stipulated amendments to pretrial deadlines constitute

arranging the calendar within the meaning of former RCW 4.12.050.

Accordingly, the judge's entry of the stipulated order extending witness

disclosure deadlines fell within the calendaring exception under former RCW

4.12.050. Even if it involves discretion, arranging the calendar is simply not a

judicial act that renders an affidavit of prejudice untimely. The subsequent

affidavit of prejudice was timely, and the superior court judgment is of no legal

effect. *Harbor Enters., Inc.*, 116 Wn.2d at 285.

## CONCLUSION

We hold that the calendaring exception under former RCW 4.12.050

encompasses a stipulated order extending discovery deadlines. Godfrey's

8

subsequent affidavit of prejudice and motion for recusal was therefore timely, and the superior court judgment is void. The discovery sanctions issue is moot. We affirm the Court of Appeals and remand to superior court for further proceedings consistent with this opinion.

Gonzáles, J.

WE CONCUR:

Madsen, J.

Owens, J.

Stephens, J.

Wiggins, J.

Geo. McCloud, Jr.

Yu, J.

Lawrence-Berrey J.P.T.