# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KENNETH A. BENNINGFIELD, SR. and ANDREA BENNINGFIELD, husband and wife, | No. 54251-0-II |
| Respondents, | |
| v. | UNPUBLISHED OPINION |
| FISHER CONSTRUCTION GROUP, INC., a Washington corporation and SIGNATURE SAFETY SERVICES, LLC, a Washington limited liability company, NEWCOLD ADVANCED COLD LOGISTICS, a foreign corporation d/b/a NEWCOLD SEATTLE, LLC, a Washington limited liability company, and SCHAEFER SYSTEMS INTERNATIONAL, INC., a foreign corporation a/k/a SSI, | |
| Petitioners. | |

MAXA, J. – Fisher Construction Group, Inc. appeals the trial court's order refusing to accept its notice to disqualify the assigned judge under RCW 4.12.050. Kenneth Benningfield concedes that he has no basis for opposing Fisher Construction's appeal.

The trial court refused to accept Fisher Construction's disqualification notice because it had signed an agreed stipulation to continue the trial date and a case scheduling order, which the court believed constituted discretionary actions that precluded a request for disqualification. However, RCW 4.12.050(2) expressly states that ruling on an agreed continuance and setting a

trial date do not affect the right to file a notice of disqualification.  Therefore, we reverse the trial court's order refusing to accept Fisher Construction's notice of disqualification, and we remand for the trial court to accept the notice and arrange for the assignment of a new judge.

## FACTS

Benningfield sued Fisher Construction and others for injuries he allegedly sustained at his workplace.  On November 7, 2019, the assigned judge entered an agreed order to continue the trial date and issued an amended case schedule.

Fisher Construction subsequently presented a notice of disqualification to the trial court, requesting the disqualification of the assigned judge under RCW 4.12.050.  However, the court refused to accept the notice, signing an order denying the notice and stating that the court previously had exercised discretion in the case by signing the November 7, 2019 order.

Fisher Construction sought discretionary review of the trial court's refusal to accept its notice of disqualification.  A commissioner of this court granted discretionary review.

## ANALYSIS

Fisher Construction argues, and Benningfield concedes, that the trial court erred in refusing to accept its notice of disqualification under RCW 4.12.050(2). Fisher Construction asserts that the assigned judge's ruling on an agreed continuance and setting a trial date did not affect Fisher Construction's right to file a notice of disqualification.  We agree.

RCW 4.12.040(1) provides that "[n]o judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding if that judge has been disqualified pursuant to RCW 4.12.050."  Under RCW 4.12.050, a party may disqualify a judge from hearing the matter

by filing a notice of disqualification[1] "before the judge has made any discretionary ruling in the case." RCW 4.12.050(1)(a). In general, a notice of disqualification filed after the judge has made a discretionary ruling is untimely. *In re Recall of Lindquist*, 172 Wn.2d 120, 130-31, 258 P.3d 9 (2011).

> However, RCW 4.12.050(2) provides an exception for certain types of rulings:
>
> Even though they may involve discretion, the following actions by a judge do not cause the loss of the right to file a notice of disqualification against that judge: Arranging the calendar, *setting a date for a hearing or trial, ruling on an agreed continuance*, issuing an arrest warrant, presiding over criminal preliminary proceedings under CrR 3.2.1, arraigning the accused, fixing bail, and presiding over juvenile detention and release hearings under JuCR 7.3 and 7.4.

(Emphasis added.) "In other words, [a notice of disqualification] is timely if it is filed before the superior court judge makes any order or ruling involving discretion. But certain judicial acts are carved out in the proviso." *Godfrey v. Ste. Michelle Wine Estates Ltd.*, 194 Wn.2d 957, 962, 453 P.3d 992 (2019).

If the requirements of RCW 4.12.050(1) are met, a party can disqualify the judge presiding over the action as a matter of right. *See State v. Gentry*, 183 Wn.2d 749, 759, 356 P.3d 714 (2015). A timely notice of disqualification must be granted. *See Godfrey*, 194 Wn.2d at 961. Whether RCW 4.12.050 requires disqualification of the trial court judge is a question of law that we review de novo. *See In re Parenting Plan of Hall*, 184 Wn. App. 676, 681, 339 P.3d 178 (2014).

Here, the assigned judge signed a stipulation and agreed order to continue the trial date and issued an amended case schedule. Under RCW 4.12.050(2), neither action affected Fisher

---

[1] What RCW 4.12.050 calls a "notice of disqualification" also is referred to as an "affidavit of prejudice," based on previous versions of RCW 4.12.050. *E.g.*, *Godfrey v. Ste. Michelle Wine Estates Ltd.*, 194 Wn.2d 957, 961-622, 453 P.3d 992 (2019).

Construction's "right to file a notice of disqualification against that judge." *See also Godfrey*, 194 Wn.2d at 963. Even if these actions involved discretion, they fell within the exception stated in RCW 4.12.050(2). In addition, the assigned judge did not make any other discretionary rulings in the case.

Because RCW 4.12.050(2) applies, Fisher Construction's notice of disqualification was timely. Therefore, the trial court was required to accept the notice. *Godfrey*, 194 Wn.2d at 961. We hold that the trial court erred in failing to do so.

## CONCLUSION

We reverse the trial court's order refusing to accept Fisher Construction's notice of disqualification, and we remand for the trial court to accept the notice and arrange for the assignment of a new judge.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, P.J.

GLASGOW, J.

4