# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| GRADY AUSTIN, | No. 58124-8-II |
| Respondent, | |
| v. | |
| KING COUNTY, a political subdivision of the State of Washington, KING COUNTY METRO, | PUBLISHED OPINION |
| Appellant. | |

MAXA, P.J. – King County appeals the trial court's orders denying their notice of disqualification and motion for reconsideration.

Grady Austin sued King County for violations of the Washington Law Against Discrimination, chapter 49.60 RCW (WLAD). Austin subsequently moved for leave to amend his complaint to add an additional claim. King County stipulated to the amended complaint and signed a proposed order granting leave to amend the complaint, and Austin submitted the agreed order. The trial court signed the agreed order granting leave to amend the complaint.

King County then filed a notice of disqualification. Under RCW 4.12.050(1)(a), a motion for disqualification must be filed "before the judge has made any discretionary ruling in the case." The trial court denied the motion, stating that it previously had exercised discretion in the case.

We hold that the trial court's entry of the agreed motion granting leave to amend Austin's complaint was not a discretionary ruling, and therefore the court improperly denied King

County's notice of disqualification. Accordingly, we reverse the trial court's order denying King County's notice of disqualification and remand for further proceedings before a different judge.

FACTS

*Background*

In March 2022, Austin sued King County, alleging that he was fired in violation of the WLAD. In March 2023, Austin submitted a motion for leave to amend his complaint by stipulation under CR 15(a). He sought to add a second cause of action alleging that King County violated Washington public policy when they fired him. The motion stated that King County had stipulated to this motion and its attorney had signed the proposed order granting leave to amend the complaint. The proposed stipulated order was attached to the motion.

The motion to amend the complaint was noted for hearing on March 17. However, on March 14 the trial court signed the proposed order. The court notified the parties that they did not have to appear on March 17.

King County subsequently filed a notice of disqualification for the presiding judge. Austin opposed the motion, arguing that the trial court could not be disqualified because it had made a discretionary decision in granting the motion to amend the complaint. The trial court denied King County's notice of disqualification, noting that it previously had exercised discretion in the case.

King County sought discretionary review of the trial court's orders denying their notice of disqualification and denying their motion for reconsideration. A commissioner of this court granted discretionary review.

ANALYSIS

A.    LEGAL PRINCIPLES

RCW 4.12.040(1) provides that "[n]o judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding if that judge has been disqualified pursuant to RCW 4.12.050." Under RCW 4.12.050, any party may disqualify a judge from hearing a matter subject to certain limitations. One limitation is that a notice of disqualification[1] must be filed "before the judge has made any discretionary ruling in the case." RCW 4.12.050(1)(a). "In other words, an affidavit of prejudice is timely if it is filed before the superior court judge makes any order or ruling involving discretion." *Godfrey v. Ste. Michelle Wine Estates Ltd.*, 194 Wn.2d 957, 962, 453 P.3d 992 (2019).

If the requirements of RCW 4.12.050(1) are met, a party can disqualify the judge presiding over the action as a matter of right. *See State v. Gentry*, 183 Wn.2d 749, 759, 356 P.3d 714 (2015). A timely notice of disqualification must be granted. *See Godfrey*, 194 Wn.2d at 961.

Whether a judge has made a discretionary decision under RCW 4.12.050 is a question of law that we review de novo. *State v. Lile*, 188 Wn.2d 766, 776, 398 P.3d 1052 (2017).

B.    DENIAL OF NOTICE OF DISQUALIFICATION

King County argues that the trial court did not make a discretionary ruling when it entered the agreed order allowing Austin's amended complaint. We agree.

CR 15(a) states that once a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court *or by written consent of the adverse party*; and leave shall

---

[1] What RCW 4.12.050 calls a "notice of disqualification" is also referred to as an "affidavit of prejudice," based on previous versions of RCW 4.12.050. *E.g., Godfrey v. Ste. Michelle Wine Estates Ltd.*, 194 Wn.2d 957, 961-62, 453 P.3d 992 (2019).

be freely given when justice so requires." (Emphasis added.) Leave of the court and consent of the party are two alternative means of amending a complaint. In other words, a party has the right to amend a complaint if the adverse party consents even without leave of the court.

Austin argues that the trial court could have denied the motion to amend the complaint. But this argument is inconsistent with CR 15(a). Under the plain language of CR 15(a), a trial court does not have authority to deny a motion to amend if the adverse party consents. Here, the trial judge did not have discretion to deny Austin's motion to amend because King County stipulated and consented to the proposed amended complaint. Therefore, the trial court's signing of the agreed order to amend the complaint could not have been a discretionary ruling.

The phrase "leave shall be freely given when justice so requires" in CR 15(a) does not suggest that the trial court had discretion to deny leave to amend despite written consent from the adverse party. That phrase clearly applies only to amending by leave of the court, because the word "leave" is only used previously to reference the court and not "the consent of the party" clause.

In addition, a trial court ruling on a stipulated agreement is not discretionary so long as the agreement affects " '*only* the rights or convenience of the parties' " and does " '*not* involve any interference with the duties and functions of the court.' " *Lile*, 188 Wn.2d at 778 (quoting *State v. Parra*, 122 Wn.2d 590, 603, 859 P.2d 1231 (1993)). Here, the agreed order only impacted the parties and did not at all affect the trial court's functions.

Accordingly, we hold that the trial court erred in denying King County's notice of disqualification.

CONCLUSION

We reverse the trial court's order denying King County's notice of disqualification and remand for further proceedings before a different judge.

MAXA, P.J.

We concur:

GLASGOW, J.

PRICE, J.