**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
JANUARY 16, 2025

CHIEF JUSTICE

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 102658-7 |
| Respondent, | |
| | EN BANC |
| v. | |
| | Filed: <u>January 16, 2025</u> |
| J.M.H. | |
| Petitioner. | |

GORDON McCLOUD, J.— J.M.H. pleaded guilty to disorderly conduct in juvenile court in 2022. The trial court judge entered a disposition order that required J.M.H. to comply with certain conditions. J.M.H. violated those conditions several times. Finally, in October 2022, the trial court judge issued a warrant for her arrest. J.M.H.'s lawyer challenged the issuance of the warrant on the ground that it failed to comply with JuCR 7.16, the court rule governing issuance of warrants for juveniles. The trial court denied that motion, and J.M.H.'s lawyer filed a notice of appeal to pursue that challenge.

By the time the appeal was considered, though, the trial court judge on J.M.H.'s case had been appointed to the Court of Appeals. He ended up sitting on the three-judge panel that reviewed his own decision to issue the warrant in the first place.

A judge cannot review the appeal of a decision that the same judge made when sitting as a trial court judge in the same case. *In re Murchison*. 349 U.S. 133, 137, 139, 75 S. Ct. 623, 99 L. Ed. 942 (1955); *see also In re Dependency of A.N.G.*, 12 Wn. App. 2d 789, 794, 796-97, 459 P.3d 1099 (2020) (holding that due process clause bars judge from ruling in a case in which they were previously involved).

We reverse and remand this case to the Court of Appeals.[1]

FACTS

J.M.H. was arrested on assault charges in March 2022. Sealed Clerk's Papers at 1. She pleaded guilty to disorderly conduct on April 22, 2022. *Id.* at 2-10. The judge entered an "Order on Adjudication and Disposition" that same day. *Id.* at 11-22.

---

[1] This case is moot, but whether an appellate judge can review an order they made as a trial judge falls under the "continuing and substantial public interest" exception to mootness. *In re Dependency of A.H.*, 3 Wn.3d 600, 602 n.1, 554 P.3d 1189 (2024) (quoting court papers (citing *Westerman v. Cary*, 125 Wn.2d 277, 286, 892 P.2d 1067 (1994))).

J.M.H. violated her disposition order many times, resulting in several modifications to that disposition order. On one of these occasions, in October 2022, the State moved to modify J.M.H.'s disposition order and moved for a bench warrant. *Id.* at 25 (Mot. & Cert. for Modification of Ord. of Disposition, Ex. A, Request for Ct. Action (Oct. 24, 2022)). The trial court held a hearing to determine whether J.M.H.'s violation of the order posed a "serious threat to public safety," one of the prerequisites to issuance of a bench warrant for a juvenile under JuCR 7.16. *Id.* at 148-56 (Verbatim Rep. of Proc. (Oct. 26, 2022)). After hearing arguments, the trial court issued the requested bench warrant. *Id.* at 30-31.

J.M.H. was brought into court pursuant to that October bench warrant in November 2022. *Id.* at 121-22. The trial court entered a modified disposition order on November 28, 2022. *Id.* at 33-34 (Ord. Modifying Disposition (Nov. 28, 2022)).

PROCEDURAL HISTORY

J.M.H. filed a notice of appeal and attached her original disposition order along with each of the modified orders, including the modified November 2022 order. Notice of Appeal & Certificate of Serv., *State v. J.M.H.*, No. 22-8-00089-32 (Spokane County Super. Ct. Wash. Dec. 9, 2022). She did not attach the October 2022 bench warrant order, but argued that the November order modifying her disposition brought up the October bench warrant under RAP 2.4(b). RAP 2.4(b) allows the appellate court to review an unattached order that "prejudicially affects"

3

an attached order. The State moved to dismiss on two grounds: (1) that J.M.H.'s case was moot because the juvenile court had lost jurisdiction over J.M.H.'s community supervision,[2] and (2) that bench warrant orders are not among the appealable decisions listed in RAP 2.2(a)—specifically, bench warrants are not final, post judgment orders under RAP 2.2(a)(13). Mot. To Dismiss Appeal as Moot & Not Directly Appealable, *State v. J.M.H.*, No. 39487-5-III, at 3-6 (Wash. Ct. App. July 10, 2023). The Court of Appeals also held a hearing on whether J.M.H.'s appeal was timely.

Over several hearings, Court of Appeals commissioners ruled that J.M.H.'s appeal was timely and that the October bench warrant was subject to review. The State moved to modify those decisions.

A panel of Court of Appeals judges considered the State's motion to modify. Unfortunately, one of the judges who sat on that panel was the trial court judge who had originally issued the bench warrant and disposition orders under review. That panel granted the motion to modify and stated in full that "the appeal is DISMISSED on the grounds that the order in which the Appellant seeks review is not appealable under RAP 2.2(a)." Ord. Granting Mot. To Modify Comm'r's

---

[2] According to the State, J.M.H. is no longer in community custody as her term of custody ended in January 26, 2023. State's Mot. To Dismiss Appeal as Moot & Not Directly Appealable, *State v. J.M.H.*, No. 39487-5-III, at 2-3 (Wash. Ct. App. July 10, 2023).

*State v. J.M.H.*, No. 102658-7

Ruling & Dismissing Appeal, *State v. J.M.H.*, No. 39487-5-III (Wash. Ct. App. Nov. 17, 2023).

J.M.H. sought discretionary review of the panel's decision and several other issues in this court. One of the issues J.M.H. raised is whether it was reversible error for the judge who issued the warrant in the trial court to sit on the appellate panel that decided her appeal. We granted review. Ord., *State v. J.M.H.*, No. 102658-7 (July 15, 2024).

ANALYSIS

"A fair [proceeding] in a fair tribunal is a basic requirement of due process." *Murchison*, 349 U.S. at 136. To ensure a fair tribunal, "no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome." *Id.*; *see also Godfrey v. Ste. Michelle Wine Ests. Ltd.*, 194 Wn.2d 957, 959, 453 P.3d 992 (2019) ("Those coming before the court have a fundamental right to an impartial decision-maker." (citing *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242, 100 S. Ct. 1610, 64 L. Ed. 2d 182 (1980) (citing *Carey v. Piphus*, 435 U.S. 247, 259-62, 266-67, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978); *Mathews v. Eldridge*, 424 U.S. 319, 348-49, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), and quoting *Joint Anti-Fascist Comm. v. McGrath*, 341 U.S. 123, 172, 71 S. Ct. 624, 95 L. Ed. 817 (1951) (Frankfurter, J., concurring))). Accordingly, "a judge may not hear the appeal from his [or her] own decision." *Hart v. Massanari*, 266 F.3d 1155, 1162

5

(9th Cir. 2001).[3] The remedy for this violation is automatic reversal. *Murchison*,

349 U.S. at 139; *A.N.G.*, 12 Wn. App. 2d at 797.

In this case, the judge who issued the bench warrant in the trial court also sat

on the Court of Appeals panel that dismissed review of that very order. That

violates due process and requires reversal. *Murchison*, 349 U.S. at 139.

CONCLUSION

An appellate judge cannot review a case on which that judge sat as a trial

court judge. The remedy is reversal.  We therefore reverse and remand to the Court

of Appeals for any further proceedings that it deems necessary in this moot case.

---

[3] Rule 2.11(A)(6)(d) of the Code of Judicial Conduct also states, "A judge shall self-disqualify in any proceeding in which the judge's impartiality might reasonably be questioned, including . . ." when the judge "previously presided . . . over the matter in another court." (Asterisk omitted.)

Gordon McCloud, J.

WE CONCUR:

Stephens, C.J.

Yu, J.

Johnson, J.

Montoya-Lewis, J.

Madsen, J.

Whitener, J.

González, J.

Vanderwood, J.P.T.